EuKFiN, J.
 

 When the law made promissory notes negotiable, like the bills of exchange, it intended to impart to them a mercantile character, so as to make them answer many of the purposes of money in trade; and, therefore;' the courts were obliged early to lay down rules to prevent frauds on the public, and to sustain that character. Hence, although notes, as simple contracts require a consideration, it has been long settled, that they import a consideration
 
 prima facie
 
 from the holder, so as to throw the
 
 onus
 
 on the other side to show the want of a consideration. It is necessarily, the same as to endorsements; and although in this case, there was no consideration between McLeod and McKay, and neither of them could recover from the other; yet, as soon as the note passed into another hand for value, and on the credit of the previous names, the consideration extended to all the parties. The same reasons require the rule, that when one signs a note in blank, and delivers it to another to be filled up and used by him, the party is bound by the note as filled up, just as he would have been, if it had been in full before his signature. It was his folly to put such blind faith in another, and the safety of third persons, who can know nothing of the secret agreement between the parties, requires such effect to be given to the paper. The conditions on which McKay endorsed the paper, were altogether between him and McLeod, and cannot affect others, to whom the paper comes in the course of business. Here, the defendants do not show, that the present holder got the note by improper means from McLeod, or any other party. The only remaining objection, arises out of the fact, that the note is upon its face negotiable at bank. But that is only to enable the holder to get it discounted at
 
 *478
 
 bank, if lie should wish it, as our bank charters prohibit most of the banks from discounting any paper not expressed to be negotiable there. It is not a restriction on its general negotiability, as has been more than once said by the Court, and was explained at large, at the last term, in
 
 Ray and Pearce
 
 v.
 
 Banks and
 
 others, 6 Jones’ Rep. 118. It is only when it is apparent on the paper, not only that it is negotiable at a bank, but also that it is negotiable there only, and, therefore, is not thrown into the market, that the restriction applies.
 

 Per Curiam, Judgment affirmed.