## SAPONA IRON COMPANY *v·* JOHN A. HOLT.

That the thing sold was wholly valueless, is no reply to an action upon a specific contract for the price of such thing, in case it were accepted, retained and used by the vendee.

A charter granted by the State Convention of 1861–2 is valid, if included within the terms of the 18th of October 1865.

That such charter required the board of Directors to be "citizens *of the Confederate States*" is immaterial.

(*McEntyre* v. *McEntyre*, 12 Ire. 299; *Hobbs* v. *Riddick*, 5 Jon. 80, and *Baines* v. *Drake*, ib. 153, cited and approved.)

ASSUMPSIT, tried before *Cloud, J.*, at Fall Term 1869 of ROWAN Court.

The plaintiff declared upon a special contract for the price of a steam engine, sold by it to the defendant in 1865. There was conflicting evidence whether the price was agreed upon, or was left undetermined; also, whether or not the engine was valuable or worthless. It was shown that the plaintiff's place of business was in Chatham County, and that the engine whilst there, before it had been seen by him, was sold to the defendant, and afterwards was delivered to, and accepted and used by him.

It was also shown that the plaintiff was a corporation chartered by the State Convention of 1861–2, and that by a provision in its charter its affairs were to "be managed by a board of Directors all of whom should be stockholders of said company, *and citizens of the Confederate States.*"

The defendant submitted that the Convention of 1861–2, could not create a corporation that would be recognized now; and that if it could, then by the terms of this charter it had expired at the Surrender; also that even in case of a special contract, a total failure of consideration would be a perfect defence.

The Court instructed the jury that if there were a special contract, the plaintiff would be entitled to recover, even if the engine were valueless; and there was a verdict and judgment accordingly.

The defendant appealed.

SAPONA IRON COMPANY *v.* HOLT.

*Boyden & Bailey*, for the appellant.

1. If the engine were valueless, there was a *total failure of consideration*, which is fatal to all agreements by parol. *Withers* v. *Green*, 7 How. 213; *VanBuren* v. *Digges*, 11 id. 451; *Winder* v. *Caldwell*, 14 ib. 434; *Cutter* v. *Powell*, 2 Sm. L. C., 1., Eng. & Am. Notes; *Brown, Actions*, 319.

*McEntyre* v. *McEntyre*, 12 Ire. 299, and *Baines* v. *Drake*, 5 Jon. 153, are distinguishable, as *here* the thing was not seen when bought, and there was no *contemporaneous* delivery.

They also cited *Coggs* v. *Bernard*, 2 Ld. Ray, 909; *Brown* v. *Ray*, 10 Ire. 72; *Smith*, Cont. 91, 120, &c., and *Wells* v. *Hopkins*, 5 Id. & W. 7.

2. Charters can be created only by governments *de jure*. *Ang. & Ames*, Corp. § 22; *Texas* v. *White*, 7 Wall. 732..

3. The language specifying who alone can be directors, suggests that its *purposes* were disloyal, and in aid of the the rebellion.

*Blackmer & McCorkle*, cited and relied upon *McEntyre* v. *McEntyre*, 12 Ire. 299; *Baines* v. *Drake*, 5 Jon. 153, and *Hobbs* v. *Riddick*, 5 Jon. 80.

SETTLE, J. This was an action of assumpsit brought upon a special contract, to recover $325, the price of a grist mill of the Harrison patent. The pleas were *non assumpsit*, and Illegal consideration.

In support of the latter plea it was contended,

1. "That the rebel convention in 1862 " had no power to create a body corporate.

2. That if it had, as the charter in its terms provided that its affairs should "be managed by a Board of Directors, all of whom should be stockholders of said company, and citizens of Confederate States," when the rebellion was crushed, the charter necessarily expired.

The reply is, the Ordinance of the 18th of October 1865,

declares the act of incorporation in question, among other laws and ordinances passed since the 20th day of May 1861, to be in full force, unless there be something in it incompatible with the allegiance of the citizens of the State to the government of the United States, and inconsistent with the Constitutions of the State and the United States. · We are unable to see how the sixth section of the act of incorporation, relied upon to establish this inconsistency with allegiance, can have that effect.

The words are used merely as a designation of the persons who are to carry on an ordinary and legitimate business, and they are doubtless thus described, not from any desire to aid the rebellion, but only to have them (the directors) accessible at all times, in order more effectually to carry on a business not more illegal than making corn, or leather, or selling goods. While we cannot countenance anything done in aid of the rebellion, we should be careful not to be misled by every suggestion that may be made in that behalf. We concur with his Honor's ruling on that of the case.

It is admitted, that at the time of the sale the mill was in Chatham County, and the defendant in Salisbury, and that it was purchased by the defendant without having seen it. It is also admitted, that it was afterwards delivered to the defendant and used by him. There was conflicting testimony, both as to the fact whether there was a special contract or not, and also as to the value of the mill. Upon this part of the case his Honor instructed the jury, that if, upon the evidence, they should come to the conclusion that there was no special contract, then they should inquire whether the evidence satisfied them that the mill was wholly valueless, and if it did, the defendant would be entitled to their verdict; but if it did not, then they must find a verdict for the value of the mill. He further instructed that if they should be satisfied from the evidence that the mill was sold to the defendant by the plaintiff's agent for a specific price, then they could not consider the evidence tending to show

22

that the mill was valueless, and that the defendant would. have to resort to a cross-action. We do not understand the defendant as objecting to the first part of this charge. Has he any just ground of exception to the last part?·

We think not. If there was a special contract, followed. by a delivery of the property, to say nothing of the user, the action for the price agreed upon cannot be defeated, unless there be a total failure of consideration. A mere right to recover damages for a deceit, or a· false warranty, can avail nothing by way of defence, where an action can be maintained upon a special contract. Nor can it be shown that the articles sold and delivered, were of inferior quality. The defendant may have been in a better situation, had he remembered the maxim, *caveat emptor.* In *McEntyre* v. *McEntyre*, 12 Ire. 299, it is said "if the property is retained by mutual consent, or if it is never delivered, or if a counterfeit bill be received, an action for the price agreed to be paid, may be defeated; otherwise, if the property is delivered, although it turns out to be unsound, and of no value; or if the bill be genuine, although upon an insolvent bank. In these cases, the reception of the property, or of the bankbill, is a consideration to support the promise to pay the price agreed on, and the defendant must resort to the warranty, if he had the prudence to require one, or to his action for the deceit, if one was practiced."

. The idea of there being such a total failure of consideration as to altogether defeat an action for the price, after the sale, delivery and use of a mill, is not to be entertained. The practice under the Code of Civil Procedure, recognizing counter-claims, will be different, and therefore we need not elaborate the subject further than is necessary for the decision of this case.

The cases cited in the brief of Mr. Bailey convinced us of the justness of the remark in *Hobbs* v. *Riddick*, 5 Jon. 80, "that the subject is very much complicated by conflicting. decisions in the English Courts." But the same remark is.

not applicable to our decisions. *McIntyre* v. *McIntyre,* *Hobbs* v. *Riddick,* supra., and *Baines* v. *Drake,* 5 Jon. 153, are uniform, and settle the law as charged by his Honor.

PER CURIAM.                                             No Error.