JAMES MOORE v. T. B. HILL and others.

*Exception—Appeal—Issues—Estoppel.*

1. An exception in order to be available on appeal must point out specifically the error of which complaint is made.

2. If issues framed by the court are defective or insufficient to develop the whole case, the party prejudiced thereby must lay the foundation of an appeal by suggesting the proper corrections at the time of the trial.

3. The owner of a chattel which has been sold as the property of another, is estopped from asserting his title against the vendee by accepting and collecting to his own use a note which he knows that the vendee gave for the purchase money.

(*Brumble v. Brown*, 71 N. C., 513 ; *Baines v. Drake*, 5 Jones, 153 ; *Sapona Iron Co. v. Holt*, 64 N. C., 335; *Curtis v. Cash*, 84 N. C. 41 ; cited and approved.)

CIVIL ACTION tried at January Special Term, 1881, of SAMPSON Superior Court, before *McKoy, J.*

Judgment for plaintiff, appeal by defendants.

*Messrs. J. L. Stewart* and *E. W Kerr,* for plaintiff.

No counsel for the defendants.

SMITH, C. J. The action is upon a promissory note under seal executed by the defendants to Thomas B. Ashford, and the recovery is resisted upon the allegation of a failure of consideration and an assignment to the plaintiff after its maturity. After the jury were empanelled, no issues hav-

ing been previously prepared, the court drew up and submitted those set out in the record, in response to which the findings are in substance, that the steam engine for the payment of which the note was given was not the property of Ashford, but belonged to the plaintiff, and there was no fraud in the sale; that the note was transferred before it became due; that there was not an entire failure of consideration, and that the plaintiff when he took the assignment knew that the vendor had no title to the engine, but did not know of any fraud committed in making the sale. The record shows two exceptions taken by the appellants.

1. The defendants excepted to the issues submitted to the jury without specifying any grounds of objection, and we are unable to see whether the objection is directed to the time when the issues were drawn up, to their form, or to their sufficiency to present all the material matters in controversy, or upon what other ground it may rest. It does not appear that additional issues were offered and declined, and we have not had the aid of counsel to point out the force and pertinency of the exception, or wherein the ruling is erroneous.

The indefiniteness of the exception itself as stated in the case is a sufficient reason for its not being entertained, as has been often heretofore ruled. *Brumble* v. *Brown*, 71 N. C., 513, and other cases.

But it is untenable upon any grounds suggested, and must be overruled.

It could not be a surprise that the issues were made up after the empanelling of the jury, since they must be eliminated from the pleadings, and are but a condensed expression of what is contained in them. The material matters in controversy upon which the jury are to pass are known to the parties, and are not changed when merely put in the form of distinct and separate propositions for the convenience of the jury, and their better understanding and dis-

position of the points in dispute. And if in consequence of an amendment they should take a wider range and new issues be introduced, a party cannot complain that the trial is allowed to proceed when no delay is asked and no objection interposed.

If the issues prepared were defective in form, or insufficient in number to develop all the elements involved in the controversy, it was the duty of the appellants to call the defect or omission to the attention of the judge in order to a correction, and they cannot here take advantage of the consequences of their own neglect. It is enough that the findings warrant and sustain the judgment rendered upon them. *Curtis* v. *Cash*, 84 N. C., 41 ; *Bryant* v. *Fisher*, at this term.

2. Upon the trial in order to show title of the vendor at the time of sale, the defendants introduced the registry of a bill of sale from him to the plaintiff made shortly before the execution of the note, and for the recited sum of $579, conveying among many other enumerated articles the steam engine, the price of which forms the alleged consideration. In answer and explanation the plaintiff was allowed, after objection from the defendants, to show from the same registry a contemporary penal bond entered into with the vendor for the reconveyance to him on payment of a note for the like sum of $579, the same articles specified in the bill of sale as a part of the same transaction, and pursuant to an agreement that included the making of both conveyances.

We are relieved from the necessity of deciding whether the two deeds in connection constitute a mortgage requiring registration, and of which the registry or certified copy " may be given in evidence in any court," Bat. Rev. ch. 35, § 9,) since it appears that the original deeds were themselves produced, and their execution proved by the subscribing witness who drew them, after the introduction of the registry, thus removing from the exception whatever force,

if any, it might otherwise possess. While we are not at liberty to look into the evidence for authority in Ashford to make the sale, the acceptance by the plaintiff of the note known to have been given for the purchase money, and his enforcing payment through the present action, would in law be a full ratification of the sale, and disable him from disturbing the vendee's possession and use of the property thereafter, by the assertion of a superior hostile title in himself. While we do not assent to the unqualified proposition embodied in the defence, that a defective title in the vendor or the worthlessness of the article of personal property sold and delivered, can absolve the vendee from his special contract to pay a definite price, or be made available otherwise than as a counter-claim founded upon an express or implied warranty or fraud in the transaction, (*Baines* v. *Drake,* 5 Jones, 153; *Sapona Iron Co.* v. *Holt,* 64 N. C., 335) the jury find that there was no entire failure of consideration, nor any fraud practiced by Ashford in making the sale.

It must be declared there is no error and the judgment is affirmed.

No error. Affirmed.