The plaintiff alleges a purchase of certain stock by him for defendant, and at his request; the payment by plaintiff of $500 for said stock at the request of defendant, the issue of the same to defendant and its acceptance by defendant, and his promise to pay plaintiff the sum advanced by him upon the issue of said stock to defendant, and the refusal to pay plaintiff the sum so advanced.
The defendant, in his answer, denies the purchase of the stock for him by plaintiff, or the request by defendant, as alleged. He sets up a different and conditional contract, and he denies his liability upon the same.
The plaintiff tendered the one issue: Is the defendant indebted to the plaintiff, and if so, in what amount? To this issue defendant objected, and it was agreed that the judge should frame the issues at the close of the testimony. The judge did frame the issues at the close of the testimony, the defendant offering no objection. There was no exception to the evidence or to the charge.
On defendant's motion for a new trial he assigned as error that the issues submitted were not such as arose upon the pleadings.
It has been often held that exceptions to the issues must be taken on the trial in order that the presiding judge may have the opportunity to revise and correct them, if he shall deem proper to do so. The reason of this rule is so obvious and has been so frequently stated that we refer only to Moore v. Hill, 85 N.C. 218, and the many cases cited in Clark's Code, sec. 395.
The testimony having been closed, the defendant insisted that the proof did not sustain the allegations of the complaint, and that he was entitled to judgment; in other words, that there was a fatal variance between the allegations and the proof. It is true, as defendant contends, that a plaintiff will not be allowed to abandon averments in his (540) complaint and recover upon facts alleged in the answer, but must show that he is entitled upon the ground on which he has placed his claim. But these averments must be material and must constitute an essential element in his right to recover.
Upon inspection of the record, as we are required to do by section 957 of The Code, which, as construed in Thornton v. Brady, 100 N.C. 38, "refers only to such constituent matters of the action as must necessarily go upon and constitute the record of it, and which the Court sees and must take notice of, such as pleadings, the verdict and the judgment," we find that the allegations upon which plaintiff's right depended were the payment of money for stock by plaintiff at defendant's request, the acceptance of the stock by defendant and the promise by him to repay to plaintiff the money advanced by him. These allegations were denied by defendant, or so qualified in the averments of the answer *Page 389 
as to amount to a denial. Whether the stock was purchased by plaintiff, or subscribed for by defendant and paid for by plaintiff at defendant's request, were questions which would not affect the liability of defendant in this action. The nature of the cause of action, which, in either case, was for money paid to the use of defendant, was in no way changed by the evidence or the issues.
The issues met the alterations of the parties; they were framed by consent and without objection or exception. "A variance arises where the proofs do not sustain the cause of action alleged in the complaint. If it is immaterial it will be disregarded; if material and misleading, the court may, in its discretion, allow an amendment on just terms; but where the evidence relates to a cause of action entirely different from that stated in the complaint it is not a case of variance at all, and it was never intended by The Code to allow a plaintiff to prove a cause of action which he has not alleged." Abernathy v. Seagle, 98 (541) N.C. 553; Clark's Code, sec. 269.
We hold that in this case there was no material variance between the allegation and the proof. The issues were fairly framed after all the evidence was in. It is to be presumed that his Honor's instructions to the jury presented the contentions fully, with the law bearing upon the same. There is
NO ERROR.
Cited: Robinson v. Sampson, 121 N.C. 101.