## J. Y. WEBB, JR., ET AL. v. R. H. MOSELEY.

### Decided November 5, 1902.

**1.—Insurance—Note Procured by Fraud.**

A note procured by the representation by an insurance agent that the company would issue a paid up life policy for $25,000 for the sum of $1800, could not be held not subject to attack for fraud because the representation was, upon its face, palpably absurd.

**2.—Note—Failure of Consideration.**

A note given for life insurance on the guaranty of the insurance agent that his company would issue a $25,000 paid up policy for $1800, was voidable for failure of consideration, on refusal to issue such policy, unless in the hands of an innocent holder.

**3.—Agency—Fraud—Notice.**

An insurance agent acquiring from his subagent a note given for insurance and obtained by fraudulent representations and guaranties not complied with, being charged by law with notice of his agent's fraud and guaranty, can not be protected as an innocent holder.

Appeal from the District Court of Llano County. Tried below before James Flack, Esq., Special Judge.

*Chas. L. Lauderdale,* for appellant.

*McLean & Spears,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellants' brief correctly states the nature and result of this suit as follows: "This suit was instituted on the 20th day of January, 1900, in District Court of Llano County, by R. H. Moseley against J. M. Reynolds, the Franklin Life Insurance Company, and J. Y. Webb, Jr., to perpetually restrain defendants from negotiating and collecting a note signed and delivered by plaintiff to said Reynolds for $1200 with 8 per cent interest, payable to the order of said Reynolds on May 1, 1901, dated November 25, 1900, in form negotiable, plaintiff alleging that Reynolds procured said note from plaintiff as premium for a policy of insurance to be issued by defendant company on the life of plaintiff for $25,000 under and upon the special representation that for the said note and the sum of $400, to be paid to it by plaintiff at one year from November 25, 1900, and $200 at two years from said date, said company would sell and deliver to said plaintiff said policy of insurance upon his life; (2) that said policy should, by the three payments be fully paid up, and for such consideration of $1200, $400 and $200 to be paid as before stated, said defendant company would, by such policy contract, bind itself to pay to the estate of plaintiff said sum of $25,000.

"Plaintiff alleges (3) that Reynolds represented to him that plaintiff was one of a select few to whom such a proposition could be made, which was because of his standing and influence, and that Reynolds individually would guaranty the issuance and delivery of such policy; (4) that

plaintiff was ignorant of such business, believed said representations, and by reason thereof signed and delivered said note to Reynolds; (5) that he at the time signed an application in writing for a policy of insurance, which application Reynolds told him was a mere matter of form and which he did not understand, and which Reynolds told him was for the policy agreed upon; (6) that said company did not sell, and said Reynolds was not, and knew he was not, authorized to offer for sale from it such a policy at such price; (7) that plaintiff refused to accept the policy described in said application when tendered; (8) that in procuring said note, said Reynolds was acting as agent for said company and of Webb, who was its general agent in Texas; (9) that a plan had been arranged between Webb and Reynolds whereby Reynolds was permitted to have certain percentage of certain renewal premiums upon business written by him, provided he should write $750,000 of business per year, and he was permitted to offer to admit certain of the persons from whom he might solicit applications for insurance to participate with him in such renewals, to induce them to take such insurance, said Reynolds and Webb knowing that Reynolds could not write such enormous amount of business required to secure him such renewals, and making agreement merely to induce people to buy such policies, for all which reasons plaintiff alleges said note was voidable in the hands of all said defendants, for which he prays it be canceled, etc.

"T. J. and W. J. Moore were also made parties defendant. The Life Insurance Company and W. J. and J. T. Moore disclaimed, and judgment was rendered against them accordingly, and suit was dismissed as to Reynolds.

"Webb, Jr., answered with two special exceptions, which were overruled, general denial, and that he, without notice of any defect in Reynolds' right to said note, in good faith received, accepted and held said note, duly indorsed by Reynolds before its maturity, as collateral security for an indebtedness owing him by said Reynolds; that said Webb became and was the legal and equitable holder and owner of said note, and he asked for judgment against plaintiff therefor.

"Judgment was rendered against defendant company and Webb, canceling and perpetually enjoining them from collection of the note, and for costs."

The evidence given by the plaintiff and corroborated by another witness sustains all the material averments in his petition.

The first assignment of error asserts that the court erred in finding that the note was procured by fraud, the contention being that the representation by Reynolds that the insurance company would issue a life insurance policy for $25,000 in consideration of about $2000, was so palpably absurd that it could not, in law, be deemed fraudulent. We are not prepared to sanction this contention. Furthermore, the plaintiff's petition and evidence goes further than the mere allegations of fraud resting upon misrepresentation, and charges that Reynolds, the payee

named in the note, bound himself by contract of guaranty for the deliverance to the plaintiff of the insurance policy, which he represented would be issued and delivered. However onerous and unwise it may have been, Reynolds had the power to bind himself by the contract referred to, and the breach of that contract disclosed by the evidence operated as a failure of consideration for the note, and entitled the plaintiff to the relief accorded him, unless the defendant Webb was entitled to protection as an innocent holder. And on that branch of the case, we hold that as Reynolds was a subagent, appointed by Webb, and was acting within the scope of his agency when he made the false representations and contract referred to, Webb, his principal, though he acquired the note before maturity, is charged by law with notice of his agent's fraudulent conduct and contract of guaranty in procuring the note.

This disposes of all questions necessary for a decision, and results in an affirmance of the judgment. As to the right of the holder of commercial paper as security for a pre-existing debt to claim protection as an innocent purchaser, there seems to be considerable conflict among the authorities; and, resting our decision on that branch of the case on another point, we pretermit that question. Tied. on Com. Paper, 166-168.

The judgment is affirmed.

*Affirmed.*