COLUMBIAN CONSERVATORY OF MUSIC v. J. H. DICKENSON.

(Filed 6 March, 1912.)

1. **Bills and Notes—Contracts—Consideration—Burden of Proof.**

   While a promissory note, as a simple contract, requires a consideration, it imports a consideration *prima facie*, and the burden of proof is on the maker to show its failure, in resisting payment for that reason.

2. **Same—Breach—Defenses—Legal Excuse—Fraud—Evidence.**

   In consideration of an agreement of plaintiff to give defendant's daughter a course of musical instruction by mail, the defendant gave his note in a certain sum in part payment, and after his daughter had received the instruction for a part of the time, resisted its payment upon the ground that as to another payment he thought he was giving a note, while in point of fact it turned out to be a check: *Held*, the defense was untenable, there being no evidence of fraud in the contract, which, on its part, the plaintiff stood ready to perform.

3. **Contracts—Interpretation—Consideration—Breach—Measure of Damages.**

   When the basis of an action is a special contract to pay a sum certain, and is founded upon a valuable consideration, the contract sued on, in the absence of fraud, must regulate the right to recover thereon, as well as the measure of damages.

4. **Same—Diminution of Damages.**

   When the maker of a promissory note to pay a sum certain, made in consideration of a contract to give a course of musical instruction by mail, by his own act, without legal excuse, and without plaintiff's default, renders the performance by the plaintiff impossible, the measure of damages, in an action on the note, is the face value thereof, without diminution.

HOKE, J., concurs in result.

APPEAL from *Cook, J.,* at October Term, 1911, of YANCEY.

This was a civil action, commenced before a justice of the peace, and tried on appeal in the Superior Court.

The action was brought to recover on an unpaid and protested check for $12, and on a note for $33, dated 22 March, 1910, given by defendant to plaintiff, and payable 1 December, 1910, with interest after maturity.

Under the charge of the court, the plaintiff obtained verdict and judgment for the amount of the check. Plaintiff appealed.

*T. T. Hicks for plaintiff.*
*J. C. Kittrell, Thomas M. Pitman, for defendant.*

BROWN, J. The pleas of defendant in answer interposed two defenses: first, fraud in procuring the execution of the note and check; second, a failure of consideration.

His Honor instructed the jury that there was no evidence of fraud, which is patent from an examination of the evidence.

Plaintiff requested the court to instruct the jury upon all the evidence, if believed, to render a verdict for the amount of both note and check. This instruction was refused.

All the evidence shows that the note and check were given for a course of musical instruction to be given by mail by plaintiff to defendant's daughter.

She made the application in due form, and received a certificate of enrollment or scholarship, which defendant produced on the trial, on notice. Defendant testified that he thought it was a note for $12 and not a check that he had signed, payable 12 April, and that "when he found out, 18 April, that it was a check, he refused to have anything more to do with the instructions or to allow his daughter to take the course." He admitted that the plaintiff tendered the instructions called for by the contract, and that he refused to allow his daughter to receive them.

We fail to see a partial, much less a total failure of consideration. Although notes as simple contracts require a consideration to support them, it has been long settled that they import a consideration *prima facie,* so as to throw on the maker the burden to show a want of consideration. *McArthur v. McLeod,* 51 N. C., 475; *Campbell v. McCormac,* 90 N. C., 492. In the

latter case *Mr. Justice Ashe,* quoting from Story and Daniel, says that "It is wholly unnecessary to establish that a promissory note was given upon a consideration; and the burden of proof rests upon the other party to establish the contrary, and to rebut the presumption of validity and value which the law raises."

The note sued on was given in consideration of an agreement in writing upon the part of the plaintiff to give to defendant's daughter musical instruction by mail.

The contract was duly entered into and acted upon for three weeks, the plaintiff furnishing all the contract called for—music, instructions, lessons, grading, etc.

The feasibility of teaching music in a "Correspondence School" is beyond our ken, and it is not a question within our domain, but the evidence shows that the plaintiff entered upon the performance of the contract, and its services accepted for three weeks, and then abruptly terminated by defendant because he thought he had signed a note for $12 instead of a check.

The excuse is utterly insufficient. *Sapona Co. v. Holt,* 64 N. C., 335.

As to the amount the plaintiff is entitled to recover under the evidence in this case, that is to be measured by the face of the note, for there is no evidence whatever which warrants the Court in permitting a diminution from the face of the paper. The basis of the action is a special contract to pay so much money, founded, as we have shown, upon valuable consideration, and it must regulate the plaintiff's right to recover, as well as the amount. *Engine Co. v. Paschall,* 151 N. C., 30.

It seems to be generally held that in action on a written contract, or a stipulated amount, the contract itself furnishes the measure of damages. 8 A. and E., 636. We find nothing whatever in the case of the *Horner School v. Westcott,* 124 N. C., 518, which militates against anything which we have here said, as the facts in that case were entirely different.

The plaintiff is entitled to the prayer, as requested.

New trial.

HOKE, J., concurs in result.