### T. D. PINER v. B. F. BRITTAIN, JR.

(Filed 29 April, 1914.)

**Bills and Notes—Failure of Consideration—Burden of Proof.**

Where in an action upon a promissory note the plaintiff has shown its execution, the demand for payment at or after maturity and its nonpayment, the burden of proof is on the defendant, maker, to show the want of consideration, when such defense is relied on.

HOKE, J., dissenting.

APPEAL by defendant from *Rountree, J.,* at October Term, 1913, of NEW HANOVER.

*John D. Bellamy & Son for plaintiff.*
*Kellum & Loughlin for defendant.*

CLARK, C. J. The court charged the jury, among other things, as follows: "This is a suit upon a promissory note between the payee and the maker, but the burden of proof of the issue is upon the plaintiff to show the execution of the note, and that it has not been paid. The defendant, the maker, contends that it

was given without consideration, for the accommodation of the plaintiff. Upon proof of the note, placing it in evidence, showing demand for payment, and that it has not been paid, the plaintiff makes out a *prima facie* case in his favor, and shifts the burden of proof to the defendant. The defendant has offered testimony tending to show that the note sued upon is an accommodation note, and the plaintiff has offered testimony tending to show that it was executed for a valuable consideration. Now, the court charges you that the defendant must show, by the greater weight of the evidence, that the note was signed by him without valuable consideration, and if you find by the greater weight of the evidence that the note was given as an accommodation to the plaintiff, and the burden of this is on the defendant, then the court charges you that it was given without consideration."

The exception of the defendant raises but one question, Upon whom rests the burden of proof to show want of consideration? The note recites on its face "for value received," and the plaintiff having shown, without conflict of evidence, the execution of the note, demand for payment, and nonpayment, the court charged that if the jury should so find, the burden of proof was on the defendant to show lack of consideration.

Revisal, 2176, provides: "Absence or failure of consideration is a matter of defense against any person not a holder in due course, and partial failure of consideration is a defense *pro tanto,* whether the failure is an ascertained and liquidated amount or otherwise." As to matter of defense, the burden of proof rests upon the defendant who asserts it.

This very point was passed upon by *Brown, J.,* in *Conservatory v. Dickenson,* 158 N. C., 207, in which it is said that although notes, as simple contracts, require a consideration to support them, it has been long settled that they import a consideration *prima facie,* so as to throw on the maker the burden to show a want of consideration. *McArthur v. McLeod,* 51 N. C., 475; *Campbell v. McCormac,* 90 N. C., 492. In the latter case *Mr. Justice Ashe,* quoting from Story and Daniel, says that "It is wholly unnecessary to establish that a promis-

FORBIS *v.* LUMBER CO.

sory note was given upon a consideration; and the burden of proof rests upon the other party to establish the contrary and to rebut the presumption of validity and value which the law raises."

The defendant relies upon one case each from Massachusetts, Ohio, and Colorado. On the other hand, the ruling of this Court is sustained in *Lynds v. Valkenburgh,* 77 Kans., 36; *Carnwright v. Gray,* 127 N. Y., 92; *s. c.,* 24 Am. St., 424; *Tolbert v. McBride,* 75 Tex., 95; *Flint v. Phipps,* 16 Ore., 437; *Bank v. Anderson,* 28 S. C., 143; *Andrews v. Hayden,* 88 Ky., 455; *Bank v. Auchley,* 92 Mo., 126; *Lines v. Smith,* 4 Fla., 50.

We see no reason to abandon our own well considered opinion above cited, especially as there are numerous authorities to same effect, and we are further fortified by Story Promissory Notes, sec. 181, which says: "Between the original parties, and *a fortiori* between others who by indorsement or otherwise become *bona fide* holders, it is wholly unnecessary to establish that a promissory note was given upon a consideration. The burden of proof rests upon the other party to establish the contract and to rebut the presumption of validity and value which the law raises for the protection and support of negotiable paper." To same purport Daniel Neg. Instr., sec. 164.

No error.

HOKE, J., dissenting.