THE MERCHANTS NATIONAL BANK OF RALEIGH v. WILLIAM J. ANDREWS.

(Filed 24 March, 1920.)

1. **Bills and Notes—Want of Consideration—Presumptions—Burden of Proof—Statutes.**

    Where, between the original parties, the maker sets up the want of consideration for a note he has made to the payee, as a defense, in an action thereon, the burden is upon him to introduce evidence to establish his defense, and his failure to do so will entitle the payer to a judgment in his favor; and the maker's mere conclusion as to the fact constituting his defense is insufficient, when his testimony is itself insufficient to establish it. Revisal, sec. 2772.

2. **Same—Evidence—Banks and Banking—Verdict Directing—Trials—Instructions.**

    The defendant was an endorser on a note given to a bank, of a corporation of which he was president, his corporation doing its business at the payee bank, and defendant at another bank, and relied as a defense in an action by the payee thereof to recover thereon, the want of consideration therefor. His evidence, and the only evidence in the case, tended to show, that he had given the payee bank two checks on his own

bank for two amounts, at the request of the officer of the payee bank, one of which was for interest to discount an extension on his own personal paper, and the other, interest for like purpose, on the paper of his corporation, and that the payee bank did not pay him "on that day" the money on the note, or any one else at his request. *Held,* insufficient to rebut the presumption raised by his endorsement on the note, that he received value therefor, and the court was not in error in directing verdict on the evidence should the jury find the facts accordingly.

APPEAL by defendant from *Daniels, J.,* at February Term, 1920, of WAKE.

This is an action on two notes, one for $1,500, and the other for $12,000, dated 8 April, 1919, due ninety days after date with interest after maturity.

The defendant admitted the execution of the notes, and alleged that they were without consideration.

The plaintiff introduced evidence tending to prove the execution of the notes by the defendant, and also the following part of paragraph three of the answer:

"The defendant admits, in answer to paragraph three, that he executed a note for the amount, and of the tenor of the copy set forth in paragraph three of the complaint."

The defendant introduced the examination of himself taken by the plaintiff before the clerk, as follows:

"His name is William Johnston Andrews, age 48 years, residence, 105 E. North Street, Raleigh, N. C. Plaintiff's attorney handed witness a paper, which was identified and marked 'Plaintiff's Exhibit A.' The defendant stated that he signed the said paper, it being the note for $12,000. Plaintiff's attorney handed witness another paper marked 'Plaintiff's Exhibit B,' which was a note for $1,500, and witness stated that he signed the same. Witness states that Exhibit A calls for an amount of $19.30. Witness stated that he signed the same. Plaintiff offers Exhibit A and Exhibit B, both being dated 8 April, 1919. Defendant was asked if he drew a check on the Citizens National Bank of Raleigh on 8 April, 1919, payable to the order of the plaintiff or its cashier for the payment of interest on said 'Exhibit A' and 'Exhibit B,' aggregating $227.20. Defendant stated that he did not draw a check for $227.20; that he drew two checks on 8 April, 1919, payable to the Merchants National Bank, check No. 2003 for $30.40, and check No. 2004 for $205.20. These checks were given for the payment of some papers that he had, some of his papers and some of Monitor Graphite Company's papers; that he could not say that the check for $205.20 was given for the interest on the two notes for the reason that Mr. Drake said that he needed so much and the witness drew the check for that amount.

They were working together, and he said draw a check for so much, and defendant drew it. He does not deny that he paid the discount upon the two notes. He thinks the check for $30.40 was given to cover his own personal papers; that he did not think that he had any papers in the Merchants National Bank, but he had others that were handled through the Merchants Bank; that he had some at Apex that were handled through the bank; that some other transaction must have taken place between the witness and the Merchants Bank on 8 April, 1919, other than relating to the falling due of the two notes above referred to, as will be seen by check for $30.40 of that date. Witness was educated at Chapel Hill and Cornell, and took a degree of Mechanical Engineering at Cornell. When he signed the two notes offered in the evidence he saw that each one of them was due in 90 days, and that the interest was due after maturity. He has had considerable experience with banks, has given notes, paid notes, drawn notes and checks on banks. His own individual business is done with the Citizens National Bank of Raleigh. He could not ascertain from examining his checks and accounts what those two checks covered, as the only recollection he has of it was going in there and Mr. Drake said he wanted some money to cover interest on the two papers, and he supposed that was what it was for. He gave Mr. Drake the two checks, as Mr. Drake said that to witness, witness means simply to say that he did not make any calculation himself. States that he does not know that Mr. Drake said it was for interest on the two notes.

"Q. You just said it was for interest on these papers? A. I think that is right in interest and stamps.

"Q. The interest on $13,500 for 90 days is $202.50? Witness calculates and answers 'Yes'; and adds that interest and stamps on $13,500 for 90 days. He had other notes out, but he could not tell you what the amounts were on 8 April, 1919. No other notes for that exact amount at said bank at that time, nor called to witness's attention since.

"The Merchants National Bank did not pass to his credit, so far as he has heard, on 8 April, 1919, the sum of $12,400. He did not get from the bank on that day $13,500. He did not pay the sum of $19.30 on 5-20-19 on the $12,000 note. He did not authorize it to be paid. Mr. Drake was handling the finances of the company, and if it was paid it was undoubtedly paid by him out of some money that he had. The bank did not notify him how it acquired the $19.30, and he does not know of his own knowledge. Mr. Drake filled up the $12,000 note, and the $1,500 note. The Merchants National Bank did not pay to anybody at his request on 9 April, 1919, $13,500.

"He was at one time president of the Raleigh Electric Company, county chairman of one of the great political parties. He was president

of the Monitor Graphite Company of which Mr. Drake was vice president. When he was president of the Raleigh Electric Company there were about 30 men under him.

"Was 3 years at Cornell, and my degree from that college ranks with the best in the country. It takes 4 years to get it usually."

The defendant, after objection by plaintiff, offered the following part of paragraph two not offered by the plaintiff: "But that the said note was executed by him without any consideration whatever, and, except as herein admitted, the allegations of paragraph two are untrue and are denied."

At the conclusion of the evidence his Honor instructed the jury to answer the issues in favor of the plaintiff if they believed the entire evidence, and the defendant excepted.

There was a verdict and judgment for the plaintiff for the amount of the notes sued on, and the defendant appealed.

*Robert W. Winston for plaintiff.*
*Manning, Kitchin & Mebane for defendant.*

ALLEN, J. The introduction of a part of the answer of the defendant by the plaintiff, which made it possible for the defendant to introduce the remainder of the paragraph, and which raises the only question debatable on the appeal, was unnecessary because the defendant having admitted the execution of the notes and having pleaded as a defense the want of consideration, the burden was on him to make good the defense, and if he had declined to introduce evidence the plaintiff would have been entitled to judgment on the pleadings.

This is not, however, fatal to the plaintiff, as the statement in the answer that the notes were executed without consideration, when considered in connection with the examination of the defendant, is but a mere conclusion.

The defendant states no facts in the answer showing why he alleged that there was no consideration for the notes, and when he was examined, instead of swearing that they were without consideration, he states the facts connected with the transaction, and upon which he relied to show want of consideration, and these are not sufficient in our opinion to meet the burden cast upon him by the law upon the admission of the execution of the notes. See *Piner v. Brittain,* 165 N. C., 401, and Rev., 2172.

He says, upon his examination, "the Merchants National Bank did not pass to his credit so far as he has heard on 8 April, 1919, the sum $13,500." Certainly not, because the defendant kept his account with the Citizens National Bank and not with the Merchants National Bank.

He says again, he "did not get from the bank on that day $13,500," and again, "the Merchants National Bank did not pay to anybody at his request on 9 April, 1919, $13,500."

These statements may all be true, and still they do not prove the defense.

In the first place, the defendant confines his statement to one particular day, and to the payment of the whole amount on that day, when the money might have been paid on another day or in different amounts on different days, or the notes sued on may have been given in renewal of obligations of the defendant or of notes of the Monitor Graphite Company of which he was president, and the latter seems to have been the real transaction, because he admits that he gave checks on the Citizens National Bank payable to the Merchants National Bank on 8 April, 1919, one for $30.40, and the other for $205.20, the last amount being the discount on the two notes sued on for ninety days, and he says: "These checks were given for the payment of some papers that he had, some of his papers and some of the Monitor Graphite Company's papers."

"He thinks the check for $30.40 was given to cover his own personal papers." If so, the check for $205.20, the discount of the two notes in action, must have been for the Monitor Graphite Company's papers.

It is inconceivable that the defendant, educated at Chapel Hill and Cornell, and having a degree from the latter institution which "ranks with the best in the country," president of the Raleigh Electric Company and president of the Monitor Graphite Company, should have executed two notes aggregating $13,500 and have paid the discount on these for ninety days out of his own money when there was no consideration for the notes, and he should at least be held to swear upon his examination that there was no consideration, or state facts which would exclude the reasonable probability of a consideration, and having failed to do so he has not offered evidence rebutting the presumption raised by the admission of the execution of the notes.

No error.