## SIGGEL v. LINDIG.    (No. 7704.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 16, 1927.)

1. **Bills and notes** &cong;&mdash;49&mdash;**Note given without consideration and as mere receipt, which was not to involve maker in liability, held unenforceable against maker as being accommodation note; "accommodation note."**

Note, which maker signed with understanding that it was mere receipt for payments payee had made in behalf of partnership and that note would not involve maker in any liability, there being no consideration, *held* mere "accommodation note" on which no recovery could be had by payee.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accommodation Bill or Note.]

2. **Bills and notes** &cong;&mdash;103(2)&mdash;**Fraudulent promises of payee to put money into partnership and secure new partners, on which maker relied, held to constitute defense to note.**

Where payee, procuring maker's signature to note, made fraudulent representation that he would pay additional money into partnership and secure additional partners, with no intention at time of performing promises, fraudulent promises *held* defense against note, where maker was induced thereby to sign.

3. **Bills and notes** &cong;&mdash;489(3)&mdash;**Under allegation that note was given without consideration, with understanding maker would not incur liability, maker could prove himself accommodation maker.**

Maker of note, alleging payee received it with understanding maker would not be liable thereon, there being no consideration, *held* entitled to prove status as accommodation maker.

Appeal from District Court, Gillespie County; J. H. McLean, Judge.

---

Action by Christian Lindig against W. F. Siggel and another. Judgment for plaintiff on general and special exceptions to the answer of W. F. Siggel, and defendant named appeals. Reversed and remanded.

J. B. Wieser, of Fredericksburg, for appellant.

H. H. Sagebiel, of Fredericksburg, for appellee.

FLY, C. J. This is an action by appellee against Waldemar Klier and W. F. Siggel, based on a promissory note for $1,050. Klier pleaded a discharge in bankruptcy, and the cause was dismissed as to him. Appellant filed an answer to which general and special exceptions were sustained by the court, and judgment was rendered in favor of appellee against appellant, for the amount indicated by the face of the note and interest and attorney's fees, aggregating the sum of $1,457.80, as well as all costs of suit.

The substantial parts of the answer, to which the exceptions were sustained, are as follows:

Appellant alleged that appellee Klier and others were associated as partners under the firm name of Klier; that appellee told appellant that he was a partner in the business; that in January, 1923, the partnership was indebted to the Cain City State Bank, and appellant became a surety on a note to the bank, dated January 28, 1923, in the sum of $1,550, which note was signed by Klier and Lindig as principals; that appellant had no interest in the debt, nor in the partnership, and was not in any manner connected therewith. The note to the bank was discharged by the two parties paying $500, borrowed by them from Albert Maier, and the balance of the $1,550 note was paid by Lindig. Afterwards Lindig represented to appellant that the firm had other debts, and they intended to solicit others to enter the partnership with a capital of $4,000, which would be used to pay partnership debts, including the $1,050 paid by Lindig on the bank debt, and the surplus would be used "as active working capital." Lindig also represented that he would put another $500 into the partnership, and that he needed some kind of receipt that he had paid the $1,050 for the partnership to use in securing new partners, and that the only practicable way to draw the receipt was in the form of a promissory note for $1,050, signed by Klier and appellant, and that said note would not involve appellant, and that he would never be called upon to pay the same, but that the statements were fraudulently made. It is charged that appellee did not keep his promise to procure new partners, nor to pay in the additional $500 to the partnership, but, on the other hand—

"circulated information that said partnership was 'going broke,' that plaintiff at no time did have the intention of using this note as a receipt and in the manner by him represented to this defendant."

Appellant pleaded want of consideration.

[1, 2] The note has at all times been in the hands of appellee, and if, as represented, appellant signed it without receiving any consideration and just to accommodate appellee, he should not be required to pay the amount of the note. If appellee, as alleged, made fraudulent promises to appellant with no intention at the time of performing the promises, and appellant was induced by the promises to sign the note, such fraudulent promises would be a defense against the note. King v. Wise (Tex. Com. App.) 282 S. W. 572.

[3] Under the allegations appellant had the right to prove he was merely an accommodation maker of the note. As said in the case cited:

"It would be flagrantly contrary to natural justice to permit recovery by, or in behalf of, the accommodated party, and of course the law would not allow that course."

The judgment is reversed and the cause remanded.