GOLDAMMER-CRANNA-WEAVER COMPANY, a Corporation, Respondent and Appellant, v. J. H. PRICE, Appellant and Respondent.

(234 N. W. 63.)

Opinion filed January 2, 1931.

*Ingman Swinland* and *F. T. Culhbert,* for appellant and respondent.

*Traynor & Traynor,* for respondent and appellant.

274

BURKE, Ch. J. This is an action upon an endorsement on a promissory note.

The plaintiff claims, that one James L. Kelly executed and delivered to the defendant J. H. Price a certain promissory note for $1,248.-87, which note was for value before maturity, without notice and in the regular course of business duly sold to the plaintiff, and judgment is demanded against the defendant J. H. Price for the amount due on said note.

As a defense, the defendant claims that on the 22d of December, 1922, the said James L. Kelly was indebted to the plaintiff in the sum of $1,248.87, and without the knowledge or consent of the defendant and at the instance and request of the plaintiff the said James L. Kelly executed the note in suit, and to secure its payment executed a chattel mortgage on his personal property, and that the plaintiff without knowledge or consent of the defendant and by fraud and trickery and as a means of securing defendant's signature to said note had inserted defendant's name as payee in said note and as mortgagee in said chattel mortgage, and sometime after the execution of said note and mortgage the plaintiff informed the defendant that he had

taken a note and mortgage from Kelly in the defendant's name for the reason that the defendant could better watch the mortgaged chattel, and plaintiff asked the defendant to endorse the note. The defendant said, that if it was an accommodation to the plaintiff to have it that way, it would be all right, provided, he did not render himself liable in any manner; that plaintiff falsely, fraudulently and by trickery and in order to secure defendant's endorsement positively assured the defendant that it would not in manner involve him in liability, that he would never be called on or required to pay said note or any part of the same, that it would be an accommodation to the plaintiff to have the papers made in that manner and endorsed back. On such representations and assurance from the plaintiff and for the sole purpose of accommodating plaintiff and of passing title of said note from the nominal payee to the true payee the defendant herein wrote his name on the back of said note.

The case was tried to a jury and a verdict was returned for the defendant. The plaintiff thereafter, made a motion for judgment notwithstanding the verdict or for a new trial, and after hearing, the trial judge denied the motion for judgment notwithstanding the verdict but granted the motion for a new trial. The defendant appeals from the order granting a new trial and the plaintiff appeals from the order denying judgment notwithstanding the verdict. It is the contention of the plaintiff that the motion for judgment notwithstanding the verdict should have been granted as the court erred in permitting the defendant to show a lack of consideration of the note and that such testimony was objected to on the ground that it tended to vary the terms of a written instrument.

It is conceded, that the indebtedness for which the note and mortgage were given was an indebtedness due from Kelly to the plaintiff, that the defendant never owned or had the mortgage in his possession, and never owned the note or had it in his possession, except, to endorse it, when it was immediately handed back to the plaintiff or laid upon the desk. Kelly testified, that the plaintiff asked the defendant to endorse his note, and the defendant told the plaintiff that he wouldn't have anything to do with it. The plaintiff himself testified: "That to obtain settlement I told them I would accept a note with Mr. Price's endorsement if that was acceptable to Mr. Price,

with the condition that Ed. Kelly would sign it with him." His counsel then asked: "That was prior to the date of signing?" Ans. "Yes." Ques. "What happened about this matter of Ed. Kelly signing?" Ans. "Jim informed me that Ed. wouldn't sign the note." The defendant testified positively that he signed the note for the accommodation of the plaintiff and on a different date from the date it was signed by Kelly. Kelly swears that the defendant did not sign the note on the same day that he signed it, and does not know when the defendant endorsed the note. The question of the note being endorsed for the accommodation of the plaintiff was plead in the answer and was squarely in issue. The evidence conclusively proves that it was an accommodation endorsement either for the plaintiff or for Kelly. If the endorsement of the note was for the accommodation of Kelly, the defendant is liable on the note. If it was for the accommodation of the plaintiff, he is not liable. At the trial the defendant was confined in his testimony to the one question of consideration, and that was the only question submitted to the jury. The defendant was not permitted to show that the endorsement was made for the benefit of the plaintiff. Witness Kelly is asked to state the conversation with Goldammer at the time witness Kelly signed the note, and Kelly testified: "Mr. Goldammer told Mr. Price that he would not be liable for it, and with Mr. Price's endorsement on the note he could use it as collateral." If Mr. Goldammer made this statement, it shows that he wanted the endorsement for his own accommodation so that he might use the note as collateral, but the evidence was stricken out, and all through the testimony the defendant was not permitted to show that the note was endorsed for the accommodation of the plaintiff.

In the instructions to the jury the court said: "The endorsement on the back of the note is a contract by which the party who places his endorsement on the note agrees to pay the note in case the maker fails to pay it, but like any other contract it cannot be enforced if there was no consideration for it. The consideration, however, does not need to pass from the person who signs the note as an endorser. It may pass to some other person, and he may make the endorsement for the benefit or to help out some other person. The only question for you to consider in this case is was there a consideration for this

endorsement by the defendant to J. H. Price. The burden rests upon the defendant J. H. Price to show that there was no consideration. The plaintiff contends that the consideration for this note was that the indebtedness of James L. Kelly was extended by Mr. Price's endorsement of this note; also they claim that they extended further credit to him the following year. I charge you gentlemen of the jury. if you find by fair preponderance of the evidence that they extended the indebtedness of James L. Kelly by reason of the endorsement of Mr. J. H. Price upon this note then that would be a good consideration for the endorsement and you should find for the plaintiff. If, as I have said before, however, you find that there was no extension of any credit, no extension of the indebtedness or either of them there would be no consideration for the note and your verdict should be for the defendant." In his instructions the trial judge stated clearly the claims of the plaintiff, that the consideration for the note and for the endorsement on the note, was the extension of the note and the extension of further credit during the following year, but said nothing about the claims of the defendant, that he endorsed the note as an accommodation to the plaintiff at a time subsequent to the signing of the note by the maker, and by reason of fraudulent representation made to the defendant by the plaintiff. He did not submit to the jury the question of who was the accommodated party. If the endorsement was for the accommodation of Kelly, Kelly's indebtedness would be a consideration for the endorsement if the endorsement was made as a part of the same transaction at the time Kelly signed the note, and the defendant would be liable.

In an action upon a note by original payee or by one having notice, parol evidence is admissible to show the real consideration for the note. First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044.

"Evidence showing that the note was for the accommodation of the plaintiff does not trench on the rule that oral evidence cannot be used to vary the terms of the contract." Anamoose Nat. Bank v. Dockter, 56 N. D. 33, 216 N. W. 206; Brannon Neg. Inst. Law, § 29, p. 268; 5 Uniform Laws, Negotiable Instrument Act, 1930 ed., page 241; Siggel v. Lindig (Tex. Civ. App.) 291 S. W. 920.

"Between an accommodation endorser and a person accommodated

on a note there is no liability, whatever their apparent relation on the paper, although as to third parties the rights and liabilities of an accommodation endorser are the same as those of a party receiving consideration." Conners Bros. Co. v. Sullivan, 220 Mass. 600, 108 N. E. 503. Note obtained on fraudulent representations held void between the parties. Johle v. Martin (Tex. Civ. App.) 291 S. W. 296; King v. Wise, — Tex. —, 282 S. W. 570; Cox v. Heagy, — Mo. App. —, 184 S. W. 495.

"There is nothing in the Negotiable Instruments Act or in the rule against parol evidence to vary the terms or legal effect of a writing which, as between the parties, precludes proof of no consideration." Uniform Negotiable Instruments Act, Annotated, vol. 5 U. L. A. 241, 1930 ed., and many cases cited.

There was no error in the admission of testimony relating to the consideration, and the order overruling plaintiff's motion for judgment notwithstanding the verdict must be affirmed. However, the case was not tried or submitted to the jury on the issues raised by the pleadings.

The plaintiff is not a third party, and the defendant should have been permitted to show by parol evidence that he endorsed the note merely to transfer title to the true owner the plaintiff. Monroe v. State Bank, 181 Wis. 19, 35 A.L.R. 1115, 193 N. W. 991.

The burden is on the defendant to prove by a preponderance of the evidence that he endorsed the note for the accommodation of the plaintiff, and if he can show this he is entitled to a verdict.

Section 6909, Comp. Laws 1913, "Consideration. Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." N. I. L. § 24.

Section 6913, Comp. Laws 1913, "Absence of Consideration. Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto whether the failure is an ascertained and liquidated amount or otherwise." N. I. L. § 28.

Under §§ 24 and 28 of the Negotiable Instruments Act being §§ 6909 and 6913, Comp. Laws 1913, the burden is on an endorser of a note to show that his endorsement was without consideration and for the accommodation of the payee. State Bank v. Morrison, 85 Wash.

182, 147 Pac. 875; Piner v. Brittain, 165 N. C. 401; 81 S. E. 462; First State Bank v. Radke, 51 N. D. 246, 35 A.L.R. 1355, 199 N. W. 930; Merchants Nat. Bank v. Andrews, 179 N. C. 341, 102 S. E. 500; Jones v. Winstead, 186 N. C. 536, 120 S. E. 89; Shaffer v. Bond, 129 Md. 648, 99 Atl. 973; Brannan Neg. Instr. (Law, 4th Ed.) p. 220; 5 U. L. A. p. 241.

It is the contention of the defendant that he endorsed the note on a date subsequent to the date upon which it was signed by Kelly, that it was not a part of the same transaction and there was no new consideration or any consideration for the endorsement. He was entitled to show this, and if he could by a preponderance of the evidence to the satisfaction of the jury he was entitled to a verdict. Sangster v. Bricker (1918) 66 Ind. App. 469, 118 N. E. 383; 6 C. J. 250, § 392 and cases cited.

The question of fraud, of who was the accommodated party, of consideration, and of whether the endorsement was made at the time of the making of the note by Kelly, as a part of the same transaction, or made at a different time without a new consideration are all questions of fact subject to proof by parol evidence, and if the defendant proves any one of his defenses by a preponderance of the evidence he will be entitled to a verdict. If he fails to prove at least one of his defenses the plaintiff will be entitled to a verdict.

The trial judge did instruct the jury that the burden was upon the defendant to show that there was no consideration, but later in his instructions he placed the burden on the plaintiff in the following language, viz., "I charge you gentlemen of the jury if you find from a fair preponderance of the evidence that they extended the indebtedness of James L. Kelly by reason of the endorsement of Mr. J. H. Price upon this note that would be a good consideration for the endorsement and you should find for the plaintiff." This was error, as the law presumes that there was a consideration for the endorsement, and the burden is on the defendant to overcome the presumption before he is entitled to a judgment. We do not know which of the conflicting instructions the jury followed and therefore, the order granting a new trial is affirmed each party paying his own costs in this court.

CHRISTIANSON, Ch. J., and NUESSLE, BURR, and BIRDZELL, JJ., concur.