(20 Misc. Rep. 564.)

SMITH v. UNANGST.

(Supreme Court, Appellate Term.    July 1, 1897.)

1. CONSTRUCTION OF DOCUMENTS.
    A document reading, "Received ——, draft at sight, margin to be deposited with S.," does not conclusively show that the draft received was only for transmission to S., as against evidence that the language was intended only to identify the transaction, in which the drawer became indebted to the payee, and he in turn to S.

2. DRAFTS—NOTICE OF PROTEST.
    Testimony that, after a draft was protested, it was called to the attention of the drawer, and that he said he would fix it up with the holder, is sufficient prima facie evidence that due notice had been given to the drawer to charge him.

Appeal from city court of New York, general term.

Action by Charles Sumner Smith against Eugene P. Unangst. A judgment entered upon a verdict in favor of plaintiff was affirmed by the city court of New York (43 N. Y. Supp. 1164), and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Robert B. Honeyman, for appellant.

A. Burr Chalmers, for respondent.

BISCHOFF, J.   This action was brought upon a draft, payable at sight, drawn by the defendant upon the Unangst Furniture & Carpet Company, of Penn Argyle, Pa., indorsed by him, and delivered to one Abraham S. Grim, who, according to the allegations of the complaint, assigned the draft to the plaintiff after presentment to the drawee, nonpayment, and protest.   Denying knowledge and information sufficient to form a belief as to the matter of presentment to and demand upon the drawee, the defendant further alleged that the draft was without consideration, because delivered to Grim in the course of a transaction which, under the laws of the state of Pennsylvania, was within the statutory inhibition of gambling, and also that there was a diversion of the draft from the purpose for which it was delivered to Grim, under an agreement made at the time.

At the close of the case, the defendant moved the dismissal of the complaint (1) for failure of proof of consideration; (2) because it appeared from the evidence that the draft was given in the course of a gambling transaction; (3) for the reason that the plaintiff's assignor had received the draft for a specific purpose, from which there has been a diversion; and (4) that there was no evidence of presentment to and demand upon the drawee.

Since the instrument itself imported a consideration, the first ground of the motion was untenable, and we pass to the question presented by the affirmative defense of an absence of consideration, based upon evidence that the draft was given in the course of a gambling transaction.   Grim was a stockbroker, doing business at Allentown, Pa., and the draft in suit was delivered to him by the defendant, in the course of dealings in which the latter appeared

as customer or client of the former. Under the laws of Pennsylvania, it was shown that transactions in stock, not based upon actual purchases and sales, were classed among gambling transactions, and the defendant's testimony was to the effect that this draft was given in payment of losses arising out of such a course of dealing with Grim, the plaintiff's assignor. Grim's testimony, however, was to the contrary, tending to show a legitimate course of business with the defendant, in which course stocks were bought and sold, with an intention of actual delivery, when required, and that there had been delivery in several instances. Further, it was shown that the draft was given to settle differences upon a running account of this business. We have not to do with the weight of the evidence, and the question of law raised by the second ground of the motion to dismiss the complaint was properly determined, since there was some evidence to be submitted to the jury, contradicting the defendant, upon the issue raised by this affirmative defense.

The third ground for dismissal relates to the matter of diversion. It appears that, upon the delivery of the draft to him, Grim gave a receipt expressed as follows: "Received of Dr. E. P. Unangst ($1,325) thirteen hundred and twenty-five dollars, draft at sight, margin to be deposited with W. B. Smith & Co." And it is contended that this paper showed an agreement whereby Grim received the draft only for transmission to W. B. Smith & Co.; that it was to be applied by such firm as collateral security upon Grim's account with them (they being the parties through whom Grim dealt when attending to the defendant's transactions); and that there had been no such application of the draft as agreed. The difficulty with the appellant's position in this regard is that there was evidence showing that the draft was actually given to Grim in settlement of a balance due him, and it was reasonably to be inferred from the testimony in the case that the word "margin," as used in the receipt, did not intend a deposit with W. B. Smith & Co., but served merely to identify the transaction in which the defendant became indebted to Grim for the amount represented by the draft, and Grim, in turn, indebted to W. B. Smith & Co. The evidence to which we refer was received without objection, and was part of Grim's testimony given in answer to a question calling for an explanation of the words of the receipt, which question was allowed under exception by the appellant. Indeed, Grim's answer to this question accomplished no more than a restatement of the phraseology of the paper, and was no explanation of it. So no prejudice could have resulted to the appellant, even assuming that the paper expressed a contract, rather than a mere receipt, and thus, as is now contended, was not to be altered by parol, although it may be noted that no ground of objection was stated at the trial; and this point, if well taken, should certainly have been brought to the attention of the court.

The final ground upon which error is predicated, because of the court's refusal to dismiss the complaint, is based upon an assumed failure of proof that the draft had been presented to the drawee for payment, that payment had been refused, and that notice of the fact had been given the drawer, this defendant. There can be no

question that the requirement of such presentment and notice is an element of the contract existing between the maker and the holder or payee of a draft (Judd v. Smith, 3 Hun, 190; Fairchild v. Railroad Co., 15 N. Y. 337); and the necessity of presentment becomes the more apparent where the draft is payable at sight, since here the time of presentment fixes the maturity of the obligation (1 Wait, Act. & Def. pp. 618–621). In this case no proof of actual presentment, demand, and notice was furnished, but still there was evidence from which the jury could have inferred that these requisite steps had been taken by the payee.

In the course of inquiry as to whether Grim had made a demand upon the defendant personally for the amount of the draft, the following occurred upon Grim's direct examination:

"Q. Did you ask Mr. Unangst for this? A. After it was protested? Yes. Q. What did he say? A. He said he will fix it up with me. Q. And has he? A. No; it is still unpaid, as far as I know."

Since the defendant would have been under no obligation to pay this draft unless it had been first presented to the drawee, his statement, in effect, that he would pay it, in answer to a demand upon him, may well have been taken as an admission that his liability had attached, and so supported an inference of a prior presentment to and refusal by the drawee sufficient to charge him. This was not by any means conclusive proof, but it was some evidence, which, coupled with the defendant's failure to disprove the fact of presentment in any way, was sufficient to take the case to the jury upon this issue. As an admission, the evidence was competent and relevant, and the objection to the allowance of the question whether the draft had been presented to the defendant was therefore not well taken.

We do not feel called upon to enter into an individual discussion of the several other exceptions taken to rulings upon evidence. Suffice it to say that they have been examined by us, and have been found to present no error.

Judgment affirmed, with costs. All concur.