BRINGMAN et al. v. VON GLAHN.

(Supreme Court, Appellate Division, Second Department.    April 18, 1902.)

ACTION ON NOTE—CONSIDERATION—EVIDENCE.
    As, under Negotiable Instrument Law, § 50, a note imports considera-
    tion, introduction of a note in evidence in an action thereon is sufficient
    to establish plaintiff's claim, where defendant offers no evidence show-
    ing or tending to show any want or failure of consideration.

Appeal from municipal court.

Action by August Bringman and another, as administrators, against
John C. D. Von Glahn.   From a judgment dismissing the complaint,
plaintiffs appeal.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

Robert S. Roy, for appellants.
R. A. Morrison, for respondent.

JENKS, J.   This action is upon a promissory note made by the
defendant in favor of the intestate of the plaintiffs.   The defendant
admitted the making and delivery of the note, the nonpayment there-
of, and the status of the plaintiffs.   He denied that the note was
given for value, or that the testator ever gave any consideration there-
for.   His counterclaim was withdrawn because the subject thereof
had been embodied in a claim filed against the estate.   The plaintiffs
read the note in evidence and rested, and thereupon the defendant
offered certain testimony.   The learned court gave judgment for the
defendant, dismissing the complaint on the merits.

The instrument imported consideration.   Section 50, Negotiable
Instrument Law; Hegeman v. Moon, 131 N. Y. 462, 467, 30 N.
E. 487.   When the plaintiffs read it in evidence, they became entitled
to the presumption that it was "a valid obligation, based upon a good
and legal consideration, and the burden of showing that there was
a want of consideration rested on the defendant."   Durland v. Dur-
land, 153 N. Y. 67, 74, 47 N. E. 42, et seq.   They could therefore
then safely rest.   If the defendant had offered any evidence that
showed or tended to show want of consideration, then it was incum-
bent upon the plaintiffs to show by a fair preponderance of evidence,
upon the whole case, that there was consideration.   But as the tes-
timony offered by the defendant did not show or tend to show any
failure of consideration, the judgment must be reversed, and a new
trial ordered; costs to abide the event.   All concur.