REVEL REALTY & SECURITIES CO. v. MAXWELL et al.

(Supreme Court, Appellate Term.  April 8, 1909.)

1. PRINCIPAL AND SURETY (§ 87*)—ACTION ON NOTE GIVEN AS SECURITY—ACCRUAL OF LIABILITY.

A landlord, seeking to recover on a note given by his tenant and another as security for the performance by the tenant of his covenant in the lease, must show a failure of the tenant to comply with the lease.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 121; Dec. Dig. § 87.*]

2. PRINCIPAL AND SURETY (§ 160*)—DISCHARGE OF SURETY.

In an action on a note executed by a tenant and another as security for the performance by the tenant of the covenants in the lease, evidence of a variation of the terms of the lease, relieving the surety from liability, is admissible.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 438; Dec. Dig. § 160.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Revel Realty & Securities Company against Perry H. Maxwell and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Clarence De Witt Rogers, for appellants.
Appel & Taylor, for respondent.

PER CURIAM. The action is on a promissory note for $500, payable to plaintiff and signed by all the defendants. The defense is want of consideration and failure to comply with a certain provision in a lease made between plaintiff and defendants Maxwell and Flora Chauveau, which provision is as follows:

"(18) On the execution and delivery of these presents the aforesaid tenants (Perry H. Maxwell and Flora Chauveau) and Hartwell Abbey and Herbert

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

F: Ingalls shall deposit their joint and several promissory note, payable on demand, in the sum of $500, to the order of the aforesaid landlord [plaintiff], which note shall be in lieu of cash security, and is given and delivered·by the said·makers thereof for the punctual and prompt performance of each and every of the covenants herein contained to be kept and performed by the said tenants, and in case the said tenants shall have failed to have kept and performed each and every of the covenants as herein contained on their part to be kept and performed, the said note shall become due and payable at once, without notice or demand, and be applied, as far as may be, to making good the losses sustained by the said landlord, the surplus, if any there shall be, to be returned ·to the said makers."

The only witnesses called at the trial were Albert J. Appel, who was the president of plaintiff at the time of the making of the note and the lease, and the defendant Flora Chauveau. The testimony of the latter is unimportant. The lease bears éven date with the note. From a reading of the two instruments, the pleadings, the testimony, and statements of counsel upon the trial, the trial court was bound to find, as a question of fact, that the note in suit was made and given as security pursuant to provision 18 of the lease. This being the case, to entitle the plaintiff to recover, it was incumbent upon it to show a default or failure of Maxwell and Chauveau to comply with the terms of the lease. There is no evidence of any breach by the tenants of any of the covenants contained in paragraph 18 of the lease. The offer of judgment was withdrawn, and the judgment is·without support. Bringman v. Von Glahn, 71 App. Div. 537, 75 N. Y. Supp. 845.

We think it was error to refuse to receive in evidence defendants' Exhibit 2, for identification, which tended to show a variation of the terms of the lease that might relieve the defendant sureties from liability on the note.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.