PAUL GERLI & CO., Inc. v. DOORLY,

SAME v DOORLY et al.

(Supreme Court, Appellate Term, First Department. February 4, 1915.)

BILLS AND NOTES (§ 493*)—CONSIDERATION—BURDEN OF PROOF.

Where, in an action on notes stating they were for value received, plaintiff proves the defendants' signatures and demand for payment and refusal, a prima facie case is established, and the burden of proving lack of consideration as a defense is on defendants; a dismissal of the complaint on the ground that, while the answer alleged lack of consideration, plaintiff had proved none, being error.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1652–1662; Dec. Dig. § 493.*]

Appeals from Municipal Court, Borough of Manhattan, First District.

Actions by Paul Gerli & Co., a corporation, against George Doorly and against George Doorly and Daniel B. Bentley. Judgment for defendants, and plaintiff appeals. Reversed.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

Blau, Zalkin & Cohen, of New York City (Maurice Brandt, of New York City, on the brief), for appellant.

Favour & Colwell, of New York City (Neil P. Cullom, of New York City, of counsel), for respondents.

GAVEGAN, J. The above actions were tried together, and the same proposition of law was involved in each case. In the case of Gerli v. Doorly, the plaintiff's cause of action is upon three promissory notes, aggregating $355, with interest to the amount of $19.52, making a total of $374.52. The second action, that against George Doorly and Daniel B. Bentley, is based upon two promissory notes, aggregating $410, with interest to the amount of $21.32, making a total of $431.32. The answer of both defendants in both actions set up a general denial, and, as separate and distinct defenses, lack of consideration and payment.

After plaintiff had presented its case, defendants' counsel moved to dismiss the complaint, upon the ground that the second defense alleged that no consideration had passed, and that the plaintiff had not proved any consideration. The defendants' motion to dismiss the complaints was then denied, but thereafter granted, when the defendants rested without putting in any evidence. The testimony shows that the plaintiff proved the signature of the notes which were in its possession, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907·to date, & Rep'r Indexes

that payment thereon had been demanded and refused, which was sufficient to make out a prima facie case. The burden of proving that there was a want of consideration rested on the defendants. The notes, which contained on their face the words "value received," were made payable by the defendants, respectively, as makers, to the plaintiff, as payee, thereby raising a presumption of consideration, which the defendants were bound to rebut.

The case of Smith v. Unangst, 20 Misc. Rep. 564, 46 N. Y. Supp. 340, is not an authority in point on the question of presentment, raised by the respondent in this case, since it relates to a draft, and not a promissory note. Hills v. Place, 48 N. Y. 520, 8 Am. Rep. 568.

Judgments dismissing the complaints in both actions should be reversed, and new trials ordered, with costs to the appellant to abide the event in each action. All concur.