## RES ADJUDICATA.

[Wayne (5th) Court of Appeals, September Term, 1916.]

KLEIN & HEFFELMAN CO. v. MARTHA PETERMAN AND T. J. PETER-
MAN.

1. **Failure In Instructing Jury as to Separate Defenses of Want of Consideration and Failure of Consideration.**

Where the defenses of want of consideration and failure of consideration and fraud are interposed, failure to instruct the jury fully as to each of these defenses and the burden of proof with reference to each constitutes prejudicial error.

2. **Res Adjudicata.**

The judgment in an equity case, in which the issues joined were tried on their merits and the court found on said issues for the defendant and dismissed the petition, is a complete bar and proper defense to a second action involving the same issues.

[Syllabus by the court.]

ERROR.

*Rice & Souers* and *Weygandt & Ross,* for plaintiff in error.
*Critchfield & Hay,* for defendants in error.

## HOUCK, J.

This is a proceeding in error in which it is sought to reverse the judgment of the common pleas court of Wayne county, Ohio.

The plaintiff in error was the plaintiff below and the defendants in error were the defendants below.

The basis of the suit below was to recover the sum of $200 as evidenced by three promissory notes, which were executed by the defendants and delivered by them to plaintiff in part payment of the purchase price of a piano, the sum of $25 being paid in cash.

Klein & Heffelman Co. v. Peterman.

The notes were secured by chattel mortgage on the piano purchased of plaintiff by the defendants.

The petition contained a second cause of action asking for a foreclosure of said chattel mortgage.

The defendants in their answer admitted the execution and delivery of the notes and chattel mortgage, the cash payment, and by way of defense they alleged fraud in the transaction on the part of plaintiff, consisting of false and fraudulent misrepresentations concerning the quality of the piano; and for further defenses alleged want of and a failure of consideration for said promissory notes. They also prayed for a judgment for the $25 cash paid.

The reply filed by the plaintiff was in the nature of a general denial; and it further set forth that in a certain suit in equity heretofore filed in the common pleas court of this county by the defendants herein against the plaintiff, that upon issues joined a final hearing was had, on the merits, and all of the matters and things set up in the alleged defenses of the defendants in the case at bar were fully heard and determined by the trial court in favor of the said defendant in that case, being the plaintiff herein, and the plaintiff herein pleads same as a complete bar to the alleged defenses in the present case.

Upon these pleadings and the evidence the case was submitted to a jury in the court below, and a verdict returned in favor of the defendants in the sum of $25, and the court entered a judgment on said verdict.

Plaintiff in error seeks a reversal of this judgment, and in oral argument relies upon two grounds of alleged error, to-wit:

First. That the court erred in its general charge to the jury.

Second. That the court erred in excluding the evidence offered by plaintiff in support of its plea of *res adjudicata.*

Counsel for plaintiff in error, in support of their first ground of alleged error, insist that the trial judge misdirected the jury as to the burden of proof concerning the defenses of want of consideration and failure of consideration, and, further, that the trial court did not separate from the other defenses the alleged defense of fraud, etc.

In examining the charge of the court we find that the claim of plaintiff in error, in this particular, is well founded.

Want of consideration, in law, means and is a total lack of any valid consideration for the contract, and therefore the alleged contract must fall.

Failure of consideration, in law, is just what the plain meaning of the words convey, that is to say, failure of consideration is the neglect, refusal and failure of one of the contracting parties to do, perform or furnish, after making and entering into the contract, the consideration in substance and in fact agreed upon.

This being an affirmative defense, the burden of establishing it is always upon the one who asserts it.

But it is otherwise where the defense is want of consideration. When want of consideration is set up as a defense, in the answer, an issue of fact is raised upon that point, on which the plaintiff has the affirmative, and, the presumption being *prima facie* only, and not conclusive, the burden of proof rests upon the plaintiff to establish this fact by the preponderance of all the evidence offered 'on the question.

From our examination of the charge we think the trial judge did not properly charge the jury upon these questions; that he wholly failed to explain to the jury the law upon whom the burden of proof rested as to the alleged defenses of want of consideration and failure of consideration; and we further find that the trial judge neglected and failed, in his instructions to the jury, to distinguish as to the difference between the defenses of want of consideration and failure of consideration, and that he wholly and entirely neglected and failed to properly charge the jury as to the separate defenses of want of consideration, failure of consideration, and fraud. These being separate and distinct defenses the jury should have been fully instructed concerning the law as to each and all of them, the proof required to establish each, and all of them, and upon whom the burden of proof rested to establish each of those defenses.

Coming now to the second ground of alleged error, did the court err in excluding the evidence offered by the plaintiff in

Klein & Heffelman Co. v. Peterman

support of its plea of *res adjudicata?* We must answer this question in the affirmative.

From an examination of the record of the equity case, which was offered in evidence by the plaintiff in the instant case and excluded by the court, we find that the suit was brought by the present defendants, prior to the commencement of the case at bar, seeking the cancellation of the same notes and chattel mortgage involved in this case, upon the alleged ground of fraud, etc., being the same as in this case; also it was sought to recover the $25 cash paid, being the same cash payment for which judgment was entered in the present case. The equity case being tried on its merits upon the issues joined, the final entry in the case discloses that the court "found the issues joined in favor of the defendant [the plaintiff in error], and dismissed the petition with costs."

The issues in the equity case were the same as in the present case; and the relief sought was the same, which included the judgment for the $25 cash paid; and the judgment in the equity case was certainly a complete bar and proper defense to the allegations in the answer of defendants in the case under review.

This being so, the court below committed prejudicial error in excluding the record and final judgment, in the equity case, from being submitted as evidence in the trial in the common pleas court in the case at bar.

This court has heretofore passed upon this question, and its views may be found in the reported case of *Feazel v. Feazel*, 36 O. C. C. 328 (24 N. S. 357).

We also feel that our Supreme Court has finally settled this question, which is decided in the case of *Doyle v. West*, 60 Ohio St. 438, 443 [54 N. E. 469], in which Judge Minshall, speaking for the court, says:

"The policy of the law is against the relitigation of questions of law or fact once heard and determined between the same parties. A question of fact once so determined is binding on the same parties in all subsequent litigation."

We, therefore, hold there is prejudicial error in the record,

as against the rights of the plaintiff in error, as hereinbefore set forth, and, therefore, the judgment of the common pleas court must be reversed, and the cause remanded to the court from whence it came for a new trial or such other proceedings as the law requires. Judgment reversed.

**Shields** and **Powell, JJ.,** concur.