[No. 16753.   Department Two.   January 23, 1922.]

## WOODLAND STATE BANK, *Respondent,* v. WILLIAM McKEAN, *Appellant.*[1]

BILLS AND NOTES (119, 136)—CONSIDERATION—BURDEN OF PROOF —EVIDENCE—SUFFICIENCY. In an action on a promissory note to which the defense is interposed that it was given as an accommodation note without consideration, the burden of proof is upon the maker, and a finding by the trial court on conflicting evidence will not be disturbed on appeal, where the evidence does not preponderate against the finding.

Appeal from a judgment of the superior court for Cowlitz county, Kirby, J., entered May 15, 1921, in favor of the plaintiff, in an action on a promissory note, tried to the court. Affirmed.

*Miller, Wilkinson & Miller,* for appellant.

*McKenney & Fisk,* for respondent.

HOLCOMB, J.—This action was instituted to recover the sum of $1,000 and interest, alleged to be due upon a promissory note given by appellant to respondent, of date June 20, 1919, and for the foreclosure of certain securities alleged to have been given to secure the payment of the note.

Appellant, by answer, admits the giving of the note, but denies that any consideration was received by him for the note; denies that any collateral was deposited to secure the note; and for a further answer, alleges

[1]Reported in 203 Pac. 939.

facts tending to show that the note was originally given as an accommodation to respondent for a debt of an insolvent corporation by the name of the Lewis River Tie Company, which was indebted to respondent in the sum of $4,000, upon representations made by one Plamondon, who was receiver for the insolvent corporation and also president of respondent, that, in order to enable him as receiver to issue receiver's certificates against the insolvent corporation covering the expenses of the receivership, it would be necessary for respondent to have the note held by the bank against the insolvent corporation taken out of the bank and appellant's note, with others, substituted in lieu thereof, with the understanding that the note so given by appellant was merely for the purpose of enabling the receiver to negotiate the certificates to the bank, and that the note given by appellant was merely an accommodation, and not to be considered as a binding obligation, or of any force or effect, and that he would never be required to pay it.

Respondent, for a reply to this affirmative answer, averred affirmatively that, to enable the bank to purchase the certificates, it was necessary that the bank should dispose of the note held by it against the insolvent corporation, and that appellant, with others, agreed to purchase the bank's note by purchasing a receiver's certificate for $1,000, and transferring the receiver's certificate to the bank in payment of the note, and that the bank loaned to appellant $1,000 with which to purchase the receiver's certificate.

Upon these issues the case was submitted to the court, and judgment rendered in favor of respondent, from which judgment this appeal is prosecuted.

Appellant having admitted the execution and delivery of the note sued upon, the burden was upon him,

under the affirmative answer, to prove that the note was without consideration. The evidence is conflicting. Appellant testifies positively that he gave the note without consideration as its basis, and under an agreement that he was not to be called upon to pay it. On the other hand, the testimony for respondent is that appellant borrowed the money from the bank to pay for a receiver's certificate, which was issued and delivered to him, and which was afterwards, in due course, paid. Appellant made the original note on December 21, 1918, for $1,000. It was due on a specific date, and when it became due, appellant called at the bank, paid the interest on the note, and gave a new note in renewal of the original. This transaction we consider a contradictory circumstance to his testimony that he was not to be called upon to pay the note and assumed no liability in signing it.

The trial court having found for respondent contrary to appellant's affirmative defense, we cannot find that there is sufficient evidence or circumstances to preponderate against the trial court's findings, and must therefore concur with them.

The judgment is affirmed.

Parker, C. J., Bridges, Main, and Hovey, JJ., concur.