James Conforti Construction Company, Inc., Respondent, *v.* Neek Realty Corporation and Another, Appellants.

Supreme Court, Appellate Term, First Department, November 17, 1925.

Bills and notes — action by payee on promissory note in which defense by maker is failure of consideration — burden of proof is on maker under Negotiable Instruments Law, §§ 50 and 54 — maker has right to open and close.

In an action on a promissory note brought by the payee in which the only defense set up by the maker is failure of consideration, the burden of proof as to said defense, under sections 50 and 54 of the Negotiable Instruments Law, is on the maker, who, therefore, has the right to open and close.

APPEAL by defendants from three judgments of the City Court of the City of New York, in favor of plaintiff, after trial by the court with a jury.

*Samuel N. Freedman* [*David C. Myers* of counsel], for the appellants.

*Menken Brothers* [*Benjamin D. Kaplan* of counsel], for the respondent.

Proskauer, J.:

Defendants appeal from judgments in three actions by the payee on promissory notes after a verdict by the jury.

The defense was failure of consideration. The sole claim of error raised here is the denial by the court of the defendants' assertion of the right to open and close.

The answer, by failure to deny, admitted every allegation contained in the identical causes of action in the complaint, except that of non-payment. The denials, therefore, raise no issue. (*Cash* v. *American Specialty Tailoring Co.*, 157 App. Div. 729; *Posner* v. *Rosenberg, No. 2*, 149 id. 272, 277; *Bremer* v. *Ring*, 146 id. 724.)

The burden of going forward with the evidence was thus on the defendants. The court charged, without exception by either side, that the actual burden of proof was also on them.

The authorities defining the right to open and close all agree that this right must be determined by the pleadings. (*Lake Ontario Nat. Bank* v. *Judson*, 122 N. Y. 278, 284; *American Union Line* v. *Oriental N. Corp.*, 199 App. Div. 513, 518; *Cilley* v. *Preferred Accident Ins. Co.*, 109 id. 394; affd., 187 N. Y. 517.)

Generally, where all the material allegations of the complaint are admitted, the burdens both of proof and of going forward with the evidence are on the defendant. Counsel have cited, and we have found, no authority which discusses the right to open and close in a situation such as would here exist if it were held that while the burden of going forward with the evidence was on the defendants, the burden of proof still remained on the plaintiff. The right to open and close should justly belong to the party who has the real burden of proof. Both parties here acquiesced in the theory that the burden of proof was on the defendants. The burden of going forward with the evidence was also clearly on them. Yet plaintiff was given the right to open and close. This judgment must, therefore, be reversed. It is apparent, however, that upon a new trial there will be raised the question upon whom rests the burden of proof, as distinguished from the burden of going forward with the evidence. It is appropriate, therefore, to consider on this appeal this important question (which appears never authoritatively to have been passed upon in this State) as to where the burden of proof lies in an action upon a negotiable instrument, where the sole defense is failure or want of consideration.

The authorities are in hopeless conflict. The pertinent provisions of the Negotiable Instruments Law are sections 50 and 54 (Uniform Neg. Inst. Law, §§ 24, 28). Section 50 provides that " every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration." Section 54 provides that " absence or failure of consideration is matter of defense as against any person not a holder in due course."

The New York cases are few. In *Hoxie* v. *Greene* (37 How. Pr. 97) the court, in an action on a note where the defense was lack of consideration, gave the defendant the right to open and close. *Durland* v. *Durland* (153 N. Y. 67, 75) held merely in the language of MARTIN, J.: " We think it cannot be properly held that the plaintiff, by giving evidence showing an actual consideration, thereby waived the right to avail herself of the presumption which the law affords or that it relieved the defendant from the burden of proving his defense." While the intimation here is that the

burden was on the defendant, there is no square holding to that effect.

In *Carnwright* v. *Gray* (127 N. Y. 92) the Court of Appeals expressly observes (at p. 99) that the question here discussed was not raised below.

In *Bringman* v. *Von Glahn* (71 App. Div. 537), upon the dismissal of a complaint, Jenks, J., writes: " The instrument imported consideration. * * * When the plaintiffs read it in evidence they became entitled to the presumption that it was 'a valid obligation based upon a good and legal consideration, and the burden of showing that there was a want of consideration rested upon the defendant.'" He continues, however: " If the defendant had offered any evidence that showed or tended to show want of consideration, then it was incumbent upon the plaintiffs to show by a fair preponderance of evidence upon the whole case that there was consideration." The question of the burden of proof was not squarely before the court.

In *First National Bank* **v.** *Stallo* (160 **App. Div.** 702) the holding was substantially that consideration is presumed as a matter of pleading where a negotiable instrument is alleged.

In *Abrahamson* v. *Steele* (176 App. Div. 865) it was held that lack of consideration must be affirmatively pleaded. Though the case dealt solely with a question of pleading, the opinion contains a dictum to the effect that the burden of proof always remains on the plaintiff, though the burden of going forward with the evidence is on the defendant.

The Appellate Term in *Mechanics & Metals Nat. Bank* **v.** *Termini* (93 Misc. 1) wrote a dictum to the same effect, while there is a contrary holding by the Appellate Term in *Gerli & Co., Inc.,* v. *Doorly* (151 N. Y. Supp. 574).

None of these cases discusses the effect or meaning of the statutory provisions. Reviewing all the authorities on this subject, Professor Brannan in his Negotiable Instruments Law (3d ed. 97) observes: " It seems, indeed, strange, that in so many cases decided from five to twenty years after the Negotiable Instruments Law went into effect no reference should be made to the act or to the sections especially affecting a question upon which there had been such a conflict of opinion in the United States."

In England the Court of Exchequer in *Clark* v. *Holmes* (2 F. & F. 79) has held squarely that the burden of proving this affirmative defense is on the defendant. Martin, Baron, writes: " The onus is upon the defendant of satisfying the jury that he has not received. You should give, therefore, a verdict for the plaintiff for the whole amount, deducting only the price of such of the goods

as you are satisfied were not delivered. For the bill itself is *prima facie* proof that the whole were delivered, and that there was consideration for the whole amount."

The Illinois rule laid down in *Jones* v. *Bates* (161 Ill. App. 194) is: " Appellant having set up failure of consideration, the duty of proving the same by a preponderance of the evidence was upon him."

To the same effect is *Pierik* v. *Mueller* (201 Ill. App. 108, 113); *Maston* v. *Glen Lumber Co.* (65 Okla. 80); *Guarantee Food Co.* v. *Consumers Fuel Co.* (123 Maine, 439); *Gates* v. *Ritchie* (162 Ark. 484, 487); *Baggish* v. *Offengand* (99 Conn. 683, 685).

The Ohio court in *Klein & Heffelman Co.* v. *Peterman* (6 Ohio App. 145, 148) holds squarely, as to failure of consideration, that " This being an affirmative defense, the burden of establishing it is always upon the one who asserts it." But it makes a distinction between failure of consideration and want of consideration, which I find in the authorities of no other State, and which would lead, in my opinion, to unfortunate practical results, particularly as under the language of the statute failure of consideration and want of consideration are treated as identical for the purposes here under discussion.

In *Shaffer* v. *Bond* (129 Md. 648, 662) the court assigns these potent reasons for holding that the burden of proof is on the defendant: " We are of the opinion that the better rule is to hold that the burden is generally on the maker to show a want of consideration to a promissory note in a suit between him and the payee. * * * When the maker signs a negotiable instrument, it is presumed to be for value * * *. In business transactions notes are often taken in order to settle all questions about the amount of liability, etc., and to put them in such shape that they will speak for themselves in case of the death of debtor or creditor, and yet, if the burden is put upon the payee to sustain the consideration, simply because the maker denies it, they are in fact of little more use between the parties than an open account would be. The creditor may destroy his checks or other evidence, if he has any, tending to prove consideration for a note which has been in existence for some time, or has been renewed from time to time, and if he has done so, then the fact that a negotiable promissory note imports consideration and the *prima facie* presumption that there was value are of little benefit, if the debtor can, by offering some evidence that there was no consideration, cast the burden on the plaintiff. It is of course wise not to make a note or a bill of exchange conclusive of a valid consideration, but the burden should at least be on the one setting up a want of consideration,

and that burden should not be shifted, but should rest on him to the end of the case."

The same reasoning is followed in *Piner* v. *Brittain* (165 N. C. 401) and *Conservatory* v. *Dickenson* (158 id. 207).

The authorities holding this rule are: *Clark* v. *Holmes* (2 F. & F. 79); *Hurley* v. *Wilky* (18 Ariz. 45); *Gates* v. *Ritchie* (162 Ark. 484, 487); *Baggish* v. *Offengand* (99 Conn. 683, 685); *Pierik* v. *Mueller* (201 Ill. App. 108, 113); *Wilson* v. *Wilson* (201 id. 478); *Jones* v. *Bates* (161 id. 194, 200); *Matter of Chismore* (175 Ia. 495, 496); *Teutonia Bank & Trust Co.* v. *Buhler* (137 La. 5); *Guarantee Food Co.* v. *Consumers Fuel Co.* (123 Maine, 439); *Dever* v. *Silver* (135 Md. 355); *Shaffer* v. *Bond* (129 id. 648, 662); *Jennison* v. *Stafford* (55 Mass. [1 Cush.] 168); *Long* v. *Conn* (147 Minn. 77); *Carter* v. *Butler* (264 Mo. 306, 330); *Piner* v. *Brittain* (165 N. C. 401); *Conservatory* v. *Dickenson* (158 id. 207); *Klein & Heffelman Co.* v. *Peterman* (6 Ohio App. 145, 148); *Maston* v. *Glen Lumber Co.* (65 Okla. 80); *Woodland State Bank* v. *McKean* (118 Wash. 451); *West & Wheeler* v. *Longtin* (Id. 575).

The leading cases to the contrary are in Massachusetts. Curiously, before the passage of the Negotiable Instruments Law the Massachusetts court had held in *Jennison* v. *Stafford* (55 Mass. [1 Cush.] 168): " The burden of proving a failure of the consideration of the note is on the maker, and not on the payee. Such a note is presumed to be founded on a valid and sufficient consideration, and the burden of proof is on the maker to establish the contrary. * * * *A fortiori*, we think, is the burden on him to show a failure of the consideration." Subsequently, however, the Massachusetts courts repudiated this rule in the following cases: *Lombard* v. *Bryne* (194 Mass. 236), *Perley* v. *Perley* (144 id. 104), *Conners Bros. Co.* v. *Sullivan* (220 id. 600, 604), none of which discusses any reason for the change and none of which even refers to the language of section 28 of the Uniform Negotiable Instruments Law.

In accord with this later Massachusetts view are *Best* v. *Rocky Mt. Nat. Bank* (37 Colo. 149); *Casey* v. *Empey* (34 Ida. 244, 249); *Cawthorpe* v. *Clark* (173 Mich. 267); *Holbert* v. *Weber* (36 N. D. 106); *Citizens Nat. Bank* v. *Bean* (26 N. Mex. 203, 207); *Ginn* v. *Dolan* (81 Ohio St. 121); *Bank of Gresham* v. *Walch* (76 Ore. 272); *First Nat. Bank* v. *Paff* (240 Penn. St. 513); *Hudson* v. *Moon* (42 Utah, 377, 384).

The reasoning of the Maryland court accords with principle and the concepts of the business community. As stated by Cardozo, J., in *Glass & Co.* v. *Misroch* (239 N. Y. 475, 484): " If conflicting interpretations of the statute are reasonably possible, our prefer-

ence should be for the one that keeps it in accord with mercantile practice."

That statement with reference to the Sales Act (Pers. Prop. Law, art. 5, added by Laws of 1911, chap. 571, as amd.) applies with equal force to the Negotiable Instruments Law. To hold that the burden of proof is on the plaintiff is essentially to treat a negotiable instrument, not as a specialty, but as mere evidence of a simple contract. Historically it had far greater significance in the early common law. A failure or want of consideration could not even be pleaded or proved in an action at law, (Ames on Specialty Contracts & Equitable Defences, 9 Harv. L. Rev. 52.) If there were want or failure of consideration for a negotiable instrument, the maker was obliged to go into equity to protect his rights. The negotiable instrument is property in the sense that it can be replevied and may be the subject-matter of larceny or conversion. (1 Williston Cont. 435.)

These special legal attributes of a negotiable instrument seem to me to have their origin in the merchant's concept of what the negotiable instrument means. They fortify the practical reasoning of the Maryland court in *Shaffer* v. *Bond* (129 Md. 648), heretofore cited. It would, I think, be a shock to the merchant and banker to be told that the note which he holds is only evidence of a simple contract and that he must still sustain the burden, in a suit upon that note, of satisfying a jury that the simple contract which was the basis of the note was in fact made.

Furthermore, in a matter of mercantile usage, uniformity is of prime importance. The Negotiable Instruments Law was aimed to secure that uniformity. It states explicitly in section 54 that "absence or failure of consideration is a matter of defense." Mr. Crawford, the draftsman of the act, in the fourth edition of his Annotated Negotiable Instruments Law, writes under section 28 of the Uniform Negotiable Instruments Law (Neg. Inst. Law, § 54) at page 66: "Under the statute, the burden of proving failure of consideration is on the party alleging it."

Professor Brannan in his Negotiable Instruments Law, at section 24 (p. 97) states: " It is difficult to believe that if the courts, which held the contrary, had had section 28 [Uniform Neg. Inst. Law] before them and had considered it, they could have failed to see that that section puts the burden of establishing want of consideration on the defendant or the party asserting it. * * * It is also to be noted that section 28 puts absence of consideration and failure of consideration on the same footing, and that as to the latter, it has generally been considered as a matter of defense, the burden of establishing which is on the one asserting it."

Professor Williston, in Williston on Contracts (Vol. 2, p. 2129, footnote 86), writes of section 28 [Uniform Neg. Inst. Law]: " It seems clear under this section, taken in connection with Sec. 24 [Uniform Neg. Inst. Law], that whatever may have been the rule prior to the enactment of the statute * * *, the burden, not only of introducing some evidence of lack of consideration but of ultimately proving such lack, is thrown upon the defendant; but a number of decisions failing to notice the effect of the statute have followed their previous rule that the ultimate burden is upon the plaintiff to establish sufficient consideration. The matter is discussed with citation of cases in *Shaffer* v. *Bond* (129 Md. 648; 99 Atl. 973), where the correct conclusion is reached."

By reason of the historic and mercantile significance of a negotiable instrument, the practical considerations urged in *Shaffer* v. *Bond* (*supra*), approved by Professor Williston, the explicit language of sections 24 and 28 of the Uniform Negotiable Instruments Law and the agreement of interpretation among these three leading commentators on the Negotiable Instruments Law, we are of the opinion that in this case the actual burden of proof rests on the defendants and that they should have the right to open and close.

Judgments reversed and new trial ordered, with costs to appellants to abide the event.

All concur; present, Bijur, Mullan and Proskauer, JJ.