Argued at Pendleton May 4, affirmed July 14, rehearing denied August 30, 1927.

## MAX CUNNING, TRUSTEE, *v.* WILBUR D. LOCKE

### ET AL.

#### (258 Pac. 192.)

**Bills and Notes — Whether Absence from Note of Agreements in Instrument, Embodying Note and Chattel Mortgage Securing It, Destroyed Negotiability, Need not` be Considered, Where Answer Alleged Defendant's Execution and Delivery of Note and Mortgage to Codefendant.**

1. Whether absence from note of agreements in instrument, wherein both note and chattel mortgage securing it were embodied, destroyed negotiability of note, need not be considered in action thereon, where answer alleged that defendant executed and delivered to codefendant "note copied within the complaint," and chattel mortgage, "copy of which is hereto attached as exhibit," instead of merely denying execution of note.

**Bills and Notes—Note Negotiated After Maturity is Open to Any Existing Defense.**

2. Note negotiated after maturity is open to any defense existing against it.

**Bills and Notes—Indorsement of Dishonored Note Passes Title and Permits Its Sale and Transfer and Recovery Thereon, if Defenses Fail.**

3. Indorsement of dishonored note is sufficient to pass title and permit its sale and transfer and recovery thereon, if defenses against it fail.

---

2. Indorsee of overdue note as holder in due course, see note in 23 L. R. A. 327. See, also, 3 R. C. L. 1045.

Corporations—Statutory Presumptions Held Sufficient to Take to Jury Question of Corporation Officer's Authority to Indorse Note (Or. L., § 799, subds. 19–21).

4. Presumptions under Section 799, subdivisions 19–21, Or. L., that private transactions were fair and regular, ordinary course of business followed, and promissory note given or indorsed for sufficient consideration, are sufficient to take to jury question of corporation officer's authority to indorse note payable to it.

Appeal and Error—Court's Fact Findings in Case Tried Without Jury are Conclusive.

5. Court's findings of fact against defendant in case tried without jury are equivalent to verdict and conclusive.

Appeal and Error, 4 C J., p. 876, n. 78.
Bills and Notes, 8 C. J., p. 344, n. 3, p. 476, n. 14, p. 717, n. 3, p. 990, n. 9, p. 993, n. 27, p. 1054, n. 69, p. 1066, n. 20, p. 1071, n. 74.
Evidence, 22 C. J., p. 103, n. 69, 70, p. 146, n. 51, p. 147, n. 59, p. 157, n. 40.
Pleading, 31 Cyc., p. 715, n. 56.

From Deschutes: T. E. J. DUFFY, Judge.

In Banc.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. H. E. Slattery.*

For respondent there was a brief over the name of *Mr. L. M. Bechtell,* with an oral argument by *Mr. George H. Brewster.*

BURNETT, C. J.—The plaintiff brings this action against W. D. Locke as maker and the Central Oregon Loan Company as indorser of a promissory note reading thus:

"May 15, 1925.                                    $2,500.00
"Six months after date, for value received, I or we jointly and severally promise to pay to the CENTRAL OREGON LOAN COMPANY or order, at its office

5.  See 2 R. C. L. 206.

in Redmond, Oregon —— Dollars payable in install-
ments as follows:

| | | |
|---|---|---|
| $   105.00 | ..................... on June | 15th, 1925 |
|       105.00 | ..................... on July | 15th, 1925 |
|       105.00 | ..................... on Aug. | 15th, 1925 |
|       105.00 | ..................... on Sept. | 15th, 1925 |
|       105.00 | ..................... on Oct. | 15th, 1925 |
| $2,171.78 | ..................... on Nov. | 15th, 1925 |

with interest at the rate of 7 per cent per annum
from May 15th, 1925. The makers, endorsers, as-
signers and sureties severally waive presentment for
payment, demand, protest and notice of nonpayment
of this note.

"In case of default in payment of any installment
of this note the balance then unpaid, shall, at the
option of the holder thereof become immediately due
and payable.

"In case suit or action is instituted to collect this
note or any part thereof, I, or we, jointly and sever-
ally promise to pay such additional sum as the Court
may adjudge reasonable as attorneys fees in said
action.

"WILBUR D. LOCKE.

"Ft. Klamath, Oregon."

1. It seems that this note was indorsed "Pay to
the order of ——, Central Oregon Loan Company,
by Naomi Hoskins, Secy Treas." It is averred in
the complaint, in substance, that thus indorsed it
was delivered to the plaintiff February 2, 1926, for
value and that Naomi Hoskins had authority so to
indorse it. It is claimed by the complaint that there
is a balance due on account of the note in the sum
of $529.32, with interest thereon at 7 per cent per
annum from March 10, 1926, and that $100 is a rea-
sonable attorney fee for the action. The answer
denies all the allegations of the complaint except
the corporate existence of the defendant company
and that Naomi Hoskins was the secretary and treas-

urer of the corporation. Her authority to indorse the note is denied. The principal defense is that the note was not negotiable because a chattel mortgage was given to secure the note and both the note and the chattel mortgage were embodied in a single instrument and, inasmuch as there were agreements in this instrument not contained or permitted in the statutory promissory note, it destroyed the negotiability.

It is not necessary to consider this question because the answer of the defendants contains the following allegations:

"The defendants further severally aver that, on May 15th, 1925, the defendant, Wilbur D. Locke, made, executed and delivered to the said corporation the note copied within the amended complaint, and that, to secure the payment of the same, he made, executed, and delivered to the said corporation a chattel mortgage, a copy of which is hereto attached as Exhibit 'B,'" etc.

If the answering defendant had been content with merely denying the execution of the note described and quoted in the complaint, there might have been presented some difficulty in proving the averment of the complaint if indeed the instrument relied upon for proof was materially different in terms from the one pleaded. The excerpt from the answer, however, obviates that difficulty.

2, 3. It appears that after having acquired the note and the chattel mortgage, the plaintiff in some way foreclosed the collateral security and is now bringing an action at law to recover the balance remaining after applying the proceeds of the property towards the liquidation of the note. There is testimony to the effect that the control of the corporation was vested in C. F. Hoskins, Jennie Hoskins and

Naomi Hoskins, the latter of whom was the secretary and treasurer of the concern; and that the usual course of business with the corporation was for her to issue checks and indorse commercial paper passing through the hands of the defendant corporation. There is no contest as to the fact of her indorsing the note. The dispute is about her authority to do so. On the face of the complaint, it appears that the instrument was negotiated to the plaintiff after maturity which would leave it open to any defense existing against it. The plaintiff took it dishonored, but none the less it could be sold and transferred and recovery had thereon if the defenses failed. So far as the indorsement is concerned, it is sufficient to pass title. It is presumed "that private transactions have been fair and regular; that the ordinary course of business has been followed; and that a promissory note or bill of exchange was given or indorsed for a sufficient consideration." Or. L., § 799, subds. 19, 20 and 21.

4, 5. These presumptions alone were sufficient to take the case to the jury, had there been one, on the question about the authority of the officer making the indorsement even if nothing else were shown. The question then recurs upon the truth of the allegations of the affirmative defense. The case was tried before the court without a jury. Hence, the findings of fact against the defendant are equivalent to a verdict and conclude the company on those issues.

The consequence is that the judgment for the plaintiff must be affirmed, as against the appeal of the company.     AFFIRMED. REHEARING DENIED.