Argued February 14, affirmed March 19, 1929.

## MATTI KEMPPAINEN *v.* SUOMI TEMPERANCE SOCIETY.

(275 Pac. 680.)

For appellant there was a brief over the name of *Mr. G. C. Fulton* with an oral argument by *Mr. A. C. Fulton*.

For respondent there was a brief over the names of *Messrs. Jaureguy & Tooze* and *Messrs. Green & Wold* with an oral argument by *Mr. Nicholas Jaureguy*.

BELT, J.—This is an action on a promissory note, the complaint being in the usual form. In view of the questions presented on appeal the defenses may thus be summarized: (1) fraud; (2) absence of consideration; (3) want of authority on the part of the plaintiff, as president of defendant corporation, to execute the note on behalf of the corporation. Verdict and judgment were had in favor of the plaintiff. Defendant appeals.

1, 2. It is urged that the trial court erred in admitting in evidence the promissory note which is the basis of plaintiff's cause of action, without proof of its execution. Ordinarily it would be incumbent upon the plaintiff to show the execution of the note by the corporation, but there is no need of proof where its execution is admitted in the pleadings. In the answer defendant first denied the allegations of the complaint as to the execution of the note, but, as a further defense, alleged affirmatively, after setting forth the facts upon which fraud is predicated, that it was executed and delivered to him. This precise question was here in *Cunning* v. *Locke*, 122 Or. 225 (258 Pac. 192), and decided adversely to the contention of the defendant. It was inconsistent for the defendant to deny the execution of the note and then affirmatively allege that its execution was obtained through fraud. As between the denial of an allegation in the complaint and the direct and specific ad-

mission of such fact, the latter controls: *Baines* v. *Coos Bay Navigation Co.*, 41 Or. 135 (68 Pac. 397).

Error is assigned because the plaintiff was permitted in rebuttal to introduce evidence relative to consideration and also because objection was sustained to cross-examination of plaintiff during case in chief as to what was the consideration for the note. These assignments involve the question: In an action on a promissory note, between the payee and the maker, does the burden of proof relative to consideration rest upon the payee? There is some reason for the assertion of counsel for appellant that the decisions of this court relative to such question cannot be reconciled. In *Flint* v. *Phipps*, 16 Or. 437 (19 Pac. 543), it was said:

"A promissory note imports a consideration. Whoever alleges the contrary has the burden of proof."

In *Sayre* v. *Mohney*, 35 Or. 141 (56 Pac. 526), we find:

"An issue * * having been made as to the consideration for the note, the execution of which is admitted in the answer, the burden was cast upon the defendants of showing that such instrument was, either wholly or *pro tanto*, without consideration; * * ."

Without reference to prior decisions and citing only *Bringman* v. *Von Glahn*, 71 App. Div. 537 (75 N. Y. Supp. 845), this court apparently adopted the "Massachusetts rule," in *Bank of Gresham* v. *Walch*, 76 Or. 272 (147 Pac. 534), as it was therein said:

"Under the statute the burden of showing that there was a want of consideration rests upon the defendant, and, if he offers any evidence that shows or tends to show a want of consideration, then it is in-

cumbent upon the plaintiff to prove by a fair preponderance of the evidence upon the whole case that there was a consideration.''

Although the question at bar was not before the court in *American National Bank* v. *Kerley et al.,* 109 Or. 155 (220 Pac. 116, 32 A. L. R. 262), attention was directed, with apparent approval, to the case of *Bank of Gresham* v. *Walch, supra.*

3. Prior to the enactment of the Negotiable Instruments Law the authorities were in hopeless conflict on this question, but since its adoption the decided trend of modern authority places the burden of proof to show absence or failure of consideration upon the maker of the note: *Piner* v. *Brittain,* 165 N. C. 401 (81 S. E. 462) (citing *Flint* v. *Phipps, supra*); *Shaffer* v. *Bond,* 129 Md. 648 (99 Atl. 973), *Carter* v. *Butler,* 264 Mo. 306 (174 S. W. 399, Ann. Cas. 1917A, 483); *First Presbyterian Church* v. *Dennis,* 178 Iowa, 1352 (161 N. W. 183, L. R. A. 1917C, 1005); *Harponola Co.* v. *Wilson,* 96 Vt. 427 (120 Atl. 895); *Gleason* v. *Brown,* 129 Wash. 196 (224 Pac. 930); *First State Bank of Hazen* v. *Radke,* 51 N. D. 246 (199 N. W. 930, 35 A. L. R. 1355) (extensive note); *Hickman-Lunbeck Grocery Co.* v. *Hager,* 75 Colo. 554 (227 Pac. 829); *James Conforti Const. Co.* v. *Neek Realty Corporation,* 125 Misc. Rep. 876 (212 N. Y. Supp. 393); *Jones* v. *Bates,* 161 Ill. App. 194; *Kessler* v. *Valerio,* 102 Conn. 620 (129 Atl. 788); *Portuguese American Bank* v. *Schultz,* 49 Cal. App. 508 (193 Pac. 806). Such holding is in keeping with the plain and specific language of Section 28 of the act (Or. L., § 7820):

''Absence or failure of consideration is a matter of defense as against any person not a holder in due course; * * .''

Section 24 (Or. L., § 7816), provides:

"Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, * * ."

There is good reason to hold that absence or failure of consideration is an affirmative defense. There is not much value to a note as evidence of indebtedness, if, after a lapse of years and when other evidence to establish the debt is unavailable, the maker can offer some proof tending to show want of consideration and thereby place the burden upon the payee of establishing, by a preponderance of the evidence, that the note was given for a consideration. As was said in *Shaffer* v. *Bond, supra:*

"In business transactions notes are often taken in order to settle all questions about the amount of liability, etc. and put them in such shape that they will speak for themselves in case of the death of debtor or creditor, and yet, if the burden is put upon the payee to sustain the consideration, simply because the maker denies it, they are in fact of little more use between the parties than an open account would be."

The statute having made absence or failure of consideration a defense, it would seem, under well settled rules of pleading, that the party asserting such a defense must prove it. It is illogical to hold otherwise.

In 2 Williston on Contracts, page 2129, the author says:

"It seems clear under Section 28, taken in connection with Section 24, that whatever may have been the rule prior to the enactment of the statute, the burden, not only of introducing some evidence of lack of consideration but of ultimately proving such lack, is thrown upon the defendant; but a number of de-

cisions failing to notice the effect of the statute have followed their previous rule that the ultimate burden is upon the plaintiff to establish sufficient consideration.''

In Brannon's Negotiable Instruments Law (4 ed.), p. 218, the authorities holding that the burden of proof is upon the plaintiff are thus criticised:

''In most of the foregoing cases on the question of burden of proof, the Negotiable Instruments Law was not cited; the only cases cited were those decided prior to the adoption of the Negotiable Instruments Law, and the judgments rest on the prior law of the state, which was contrary to the correct rule of pleading and to the rule in the majority of the states. Moreover, the courts, in all these cases, seem to have overlooked Section 28 Negotiable Instruments Law, which makes absence of consideration 'matter of defense' against anyone not a holder in due course.''

It is noteworthy that since the enactment of the Negotiable Instruments Law, courts in three states, namely, Colorado, North Carolina and Vermont, have, in view of the force and effect of this act, overruled previous decisions holding that the burden of proof to show consideration was on the payee: *Hickman-Lunbeck Grocery Co.* v. *Hager, supra; Piner* v. *Brittain, supra,* and *Harponola Co.* v. *Wilson, supra.* An examination of the briefs in *Bank of Gresham* v. *Walch, supra,* discloses that the effect of the Negotiable Instruments Law was not directed to the attention of the court and it is believed that had it been done a different conclusion would have been reached. As indicative of the trend of authority, it is observed that *Bringham* v. *Von Glahn, supra* (cited in *Bank of Gresham* v. *Walch, supra*), and other decisions in that state holding to the same effect, have been overruled by *James Conforti Const. Co.* v. *Neek*

*Realty Corporation, supra,* decided in 1925. A splendid discussion of the question at bar by Professor Decker, University of Oregon, is found in Volume 4, Oregon Law Review, page 148. Also, see, Michigan Law Review, Volume 23, page 792, and Columbia Law Review, Volume 17, page 717.

4, 5. We conclude that what was said in *Bank of Gresham* v. *Walch, supra,* so far as it pertains to the question of burden of proof where the defense interposed is absence or failure of consideration, is overruled. Having reached the conclusion that the burden of proof is upon the defendant and that it remains so throughout the trial, we hold that no error was committed in permitting the plaintiff to offer testimony in rebuttal relative to consideration for the note. Neither did the court err in sustaining plaintiff's objection to the question asked plaintiff as to such matter.

The note was properly received in evidence and we cannot say, as a matter of law, that defendant has shown that it was without consideration.

It follows that the judgment of the lower court is affirmed.                                        AFFIRMED.

COSHOW, C. J., and BEAN and BROWN, JJ., concur.