In the Matter of the Estate of ETTORE PENNA, Deceased.

Surrogate's Court, Kings County, September 23, 1936.

*Shearman & Sterling*, for the petitioner, The National City Bank of New York, creditor.

*Leo T. Kissam*, for the respondent, National Surety Corporation.

*Wechsler & Wechsler*, for Dante Antolini and others, creditors.

*Coudert Brothers*, for the Banca Commerciale Italiana Trust Company.

WINGATE, S. The main proceeding in which the present application is made was initiated by a petition under section 115-a of the Surrogate's Court Act to fix the liability of National Surety Corporation upon an administrator's bond.

The essential allegations of the petition recite that the petitioner is a creditor of the estate of this decedent upon which letters of administration were granted on February 25, 1932, to Edilio Penna, who qualified by filing a bond in the sum of $65,000 with National Surety *Company* as surety; that on May 1, 1933, the National Surety *Corporation* assumed liability on this bond; and that on June 29, 1935, the administrator rendered his account, which was judicially settled by decree dated April 23, 1936. The petition then continues: " Said decree charges the said Edilio Penna, as Administrator, as aforesaid, with a balance of property remaining on hand in the sum of $14,763.74, consisting entirely of cash, and orders and directs said Administrator to pay your petitioner out of said balance the sum of $1,246.92, its proportionate share thereof." Non-payment, the issuance of an execution to the sheriff of the county of the administrator's residence, its return unsatisfied, and the fact that the sum directed to be paid remains wholly unpaid, are then alleged.

The answer of National Surety Corporation consists of two numbered paragraphs, which, although not designated as separate defenses, are in reality such. The first denies any knowledge or information sufficient to form a belief as to the allegations of non-

payment by the administrator, and affirmatively alleges on information and belief the making of certain arrangements for payment with the knowledge and consent of the petitioner.

The second paragraph, whereas somewhat elaborately phrased, may be summarized as alleging that the only assumption by the National Surety *Corporation* of the obligations of bonds of the National Surety *Company* was for losses which might occur subsequent to April 30, 1933, and excluded losses by reason of all prior occurrences, and that except as to $974.53, the total sum of $14,763.74 was dissipated prior to that date.

The present motion seeks judgment on the pleadings under rule 112 of the Rules of Civil Practice, or, in the alternative, a striking out, under rule 109 of the second defense noted.

Obviously, the former relief may not be granted, since the answer contains a general denial of an allegation which is an essential element necessary for a recovery by the petitioner, namely, that the principal has defaulted in making the directed payment.

The basic nature of the obligation of a surety is contractual, its agreement being that if the principal fails to perform a specified act or pursue a defined course of conduct, it, the surety, will make good to the person assured any damage which may accrue to him by reason thereof, up to a specified limiting sum. The failure of the principal to act in accordance with the guaranty is the condition which alone gives rise to the obligation of the surety and an allegation demonstrating the occurrences of such condition is, therefore, an essential element in the pleading of the person assured. (*Knapp* v. *Roche*, 94 N. Y. 329, 333; *Cochran* v. *Reich*, 91 Hun, 440, 446; *Altman* v. *Bungay Co.*, 161 App. Div. 583, 586.) Being a condition to any right of action whatsoever, the allegation of the fact of breach may be traversed in any of the usual forms, whereupon an issue of fact is raised on which the burden of demonstration is cast upon the person seeking to establish and recover upon the alleged contract right. (*Revel Realty & Securities Co.* v. *Maxwell*, 115 N. Y. Supp. 1033, 1034, not otherwise reported; *Disch* v. *Nat. Surety Co.*, 203 App. Div. 723, 724, 725; *Mutual Life Ins. Co.* v. *U. S. Hotel Co.*, 82 Misc. 632, 638.)

Since, therefore, the first defense properly raises an issue of fact as to the existence of any contractual liability on the part of the respondent, judgment on the pleadings may not be granted under rule 112. (*Lowe* v. *Plainfield Trust Co.*, 216 App. Div. 72, 76.)

The situation in respect to the alternative motion to strike out the second defense is different. Even granting the truth of the allegations of the answer, as must be done for present pur-

poses (*Greeff* v. *Equitable Life Assurance Soc.*, 160 N. Y. 19, 29; *Matter of Keeling*, 148 Misc. 798; *Matter of Hearn*, 158 id. 370, 372; *Matter of Chinsky*, 159 id. 591, 592), that the National Surety Corporation is liable only for the acts and defaults of the administrator committed or suffered since April 30, 1933, yet the allegations of the petition show that the decree on his accounting on April 23, 1936, contains a determination that the accountant then had in his possession the sum of $14,763.74 " *consisting entirely of cash.*"

*Prima facie*, this decree is conclusive as to all matters embraced therein, not only as against the administrator himself (Surr. Ct. Act, § 80), but as against his surety. (*Altman* v. *Hofeller*, 152 N. Y. 498, 502; *Douglass* v. *Ferris*, 138 id. 192, 201; *Deobold* v. *Opperman*, 111 id. 531, 536, 537; *Scofield* v. *Churchill*, 72 id. 565, 570; *Casoni* v. *Jerome*, 58 id. 315, 322.) One of the matters so determined was that on April 23, 1936, which was subsequent to the date when the surety's obligation took effect, the principal obligor had *cash* in his hands belonging to the estate amounting to $14,763.74. It is the failure to apply this cash alone, which is the basis of the present proceeding, and on the pleadings themselves, upon which alone a determination under rule 109 may be made. (*Welch* v. *City of Niagara Falls*, 210 App. Div. 170, 174.) The allegation of the answer to the effect that this cash was not then in the hands of the administrator amounts to an unpermissible collateral attack upon the adjudication of the decree.

The motion to strike out the second paragraph of the answer must, accordingly, be granted.

Enter order on notice in conformity herewith.