In the Matter of the Application of THE NATIONAL CITY BANK OF NEW YORK to Fix and Determine the Liability of NATIONAL SURETY CORPORATION, as Surety on the Bond of EDILIO PENNA, as Administrator c. t. a., etc., of ETTORE PENNA, Deceased.  THE NATIONAL CITY BANK OF NEW YORK, DANTE ANTOLINI and Others, and BANCA COMMERCIALE ITALIANA TRUST COMPANY, Respondents; NATIONAL SURETY CORPORATION, Appellant.— Order of the Surrogate's Court of Kings county, in so far as appealed from, reversed on the law, with ten dollars costs and disbursements, payable by respondents personally, and motion to strike out the defense contained in paragraph II of appellant's answer denied.  The order striking out the defense permitted the appellant to file an amended answer and it has done so, setting up an additional defense of fraud.  Appellant is entitled to plead the defense struck out even though it has filed an amended answer.  The defense was struck out on the ground that appellant's liability is established by the failure of the administrator to make the payments directed by the decree entered April 23, 1936.  Appellant's liability does not depend upon the failure of the administrator to obey any lawful order of the Surrogate's Court.  That may be the proper basis of liability for a surety whose liability is predicated on the ordinary official bond of an administrator.  (Surr. Ct. Act, §§ 121, 135.)  Here, however, appellant's liability is measured solely by the terms of its special undertaking, namely, to make good any loss which occurred by reason of an " act " committed by the administrator on or after May 1, 1933.  Reasonably construed, this has reference to an affirmative act of wrongdoing on the part of the fiduciary, such as conversion, embezzlement, larceny or other unauthorized diversion or mishandling of the funds or assets of the estate, or similar misconduct.  The mere failure of the administrator to comply with the decree settling the administrator's account is not an " act " for which appellant undertook to be responsible.  Before appellant may be held liable under its agreement the petitioner must show that the loss arose from, or was caused by, an act committed by the administrator on or after May 1, 1933.  (*Coleman* v. *National Surety Corporation*, 244 App. Div. 244; *Suffolk County Trust Co.* v. *National Surety Corporation*, ante, p. 639; *Matter of Sacks*, 153 Misc. 262, 270.)  Davis, Johnston, Adel and Close, JJ., concur;

Lazansky, P. J., dissents and votes for affirmance on the opinion of Hon. George Albert Wingate, surrogate. [Reported 160 Misc. 525.]